BRISTOL *v.* MORGAN and others.

---

A mortgagee, who assigns the mortgage and guarantees the principal and interest, is a proper party in the foreclosure suit.

---

*October* 19, 1837.

*Pleading.*
*Parties.*

BILL of foreclosure on a mortgage made by the defendant Morgan to the defendant Horatio Wilkes. The latter had assigned this mortgage to the complainant; and entered into a covenant (in the assignment) that the amount of the consideration, eight thousand one hundred dollars, was due and owing upon the bond and mortgage, the payment whereof, with interest, he guaranteed to the complainant.

General demurrer interposed by the defendant Horatio Wilkes.

The question upon it was : whether Wilkes was a necessary or proper party ?

Mr. *Gerard,* for the defendant and in support of the demurrer.

Mr. *Glover,* for the complainant.

THE VICE-CHANCELLOR :—Where a mortgagee parts with all his interest, by an absolute assignment and has no connection, afterwards, with the mortgaged premises, it cannot, in general, be necessary for the assignee to make him a party to a bill of foreclosure : *Whitney* v. *M'Kinney,* 7 J. C. R. 144.

Still, special circumstances may render it proper to bring him before the court ; and such circumstances exist here. His covenant, that a certain sum is due, makes it proper he should be present at the taking of the account of principal and interest due on the mortgage, so that, if his covenant shall appear to be broken in that particular, the breach of it may be put beyond all controversy ; and especially as he guarantees the payment, so that his liability for any deficiency may be fixed and determined—with a view to the remedy over against him at law, if for no other purpose.

But I am of opinion that the defendants' covenant, guaranteeing the payment of the mortgage debt, brings the case within the provision of the revised statutes, which authorizes the making " of any other person besides the mortgagor," a party to a bill of this sort, where the mortgage debt is secured by the obligation or other evidence of debt of such other person and by which the court is authorized to decree payment of the balance if any remain due after a sale, as well against such third person as against the mortgagor. The words of the statute are broad enough to cover the liability which this defendant has assumed ; and I see no reason why the principle of the statute should not be extended to a person who guarantees the payment of a mortgage after it has been made, as well as to one who is originally and collaterally liable for the debt.

The demurrer must be overruled, with costs.