<div style="margin-left:auto">subject matter was not absolutely void and clampertous, Jaudon & Co. could</div>

*subject matter of suit cannot proceed in the name of complainant; but must file a new bill.* was not absolutely void and clampertous, Jaudon & Co. could not proceed in the suit in the name of the present complainants, but must file a bill in their own names to have the benefit of the previous proceedings in the suit, and stating therein the rights they have acquired under the aforesaid agreement with the agent of the state.

That in this court it is not allowable to carry on a suit in the name of a nominal complainant, for the benefit of a third person not a party to the suit; but the real parties in interest must be brought before the court, so that they may be bound by the decree.

Order substituting E. Sandford as the solicitor for the complainants, in the place of the present solicitor; but without prejudice to the right of Jaudon & Co. to file a bill in their own names and by their own solicitor, to enforce their rights as purchasers of the litigation in this suit, and to have the benefit of the former proceedings. The present solicitor to be paid his costs to be taxed as between solicitor and client upon delivering over the papers to the new solicitor.

*Euphrasie Barbier, by her next friend,* v. *Jacques A. P. Barbier.* R. LOCKWOOD, for appellant; N. HILL, jun. for respondent. Order of the vice chancellor of the first circuit denying application for an attachment affirmed with costs to be paid by next friend of appellant.

*John Jones* v. *William Sternbergh et al.* S. M. WOODRUFF for complainant. In this case the court decided that a person who sells a bond and mortgage for less than is due thereon, and actually guaranties the payment of the whole debt is liable to be made a party to a bill of foreclosure, and to have a decree over against him for the deficiency, or for any part thereof.

*Liability of a guarantor of a bond and mortgage, to be made a party to bill of foreclosure, and to have a decree over against him.*

That the proper decree, where the mortgagor is himself a party to the suit, and is primarily liable for the payment of the deficiency, and a third person is made a party defendant, who is only secondarily liable, is to decree the payment of the deficiency by the principal debtor in the first instance, and to decree payment of the amount of such deficiency against the defendant who stands in the situation of his surety,

merely, only in case it cannot be collected of the principal debtor and after the return of an execution against such principal debtor unsatisfied.

That the decree in such cases should also direct that in Form of decree in such a case. case the amount of the deficiency is paid by the defendant who is only secondarily liable for the deficiency he shall have the benefit of the decree for such deficiency for the purpose of obtaining satisfaction for the same amount with the interest thereon from the defendant who is primarily liable.

The chancellor ordered that in this case, after the usual directions for the foreclosure and sale of the mortgaged premises, and the payment of the debt and costs out of the proceeds and for a decree over against the mortgagor personally for the deficiency, if any, the decree should further direct that if the complainant is not able to collect the amount of such deficiency out of the estate of the mortgagor, upon an execution against his property, the defendants John G. Fellers and George Fellers, the assignors of the mortgage, pay so much of such deficiency as the proceeds of the master's sale and the amount, if any, which shall have been collected of the mortgagor personally subsequent to the assignment to the complainants, exclusive of the costs and expenses of the foreclosure and sale, shall be less than the $2800 (the consideration of the assignment) and the interest thereon from the time of the filing of the bill, to the time of such sale ; with the interest on that part of the deficiency from the time of the master's sale until it shall be repaid by them.

Decree further to direct that if they pay the amount thus decreed against them, they are to have the benefit of the decree against the mortgagor, for the purpose of enabling them to obtain remuneration from him to the same extent, with interest, either by a new execution against his property, or by filing a creditor's bill, as they may think proper. But that after they have obtained such remuneration, the residue of the decree against the mortgagor for the deficiency, will belong to the complainants as a part of his contingent profits upon the purchase of the bond and mortgage beyond the amount advanced to the assignors, and the legal interest thereon.