## MERRITT *vs.* LINCOLN and ROE.

A surety will not be discharged by the neglect of the creditor to collect the debt of the principal, on being requested by the surety to do so, unless it appears that the principal was, at the time of the request, solvent and able to pay his debts.

A creditor is not bound to pursue an insolvent principal, at the direction of the surety.

The rule that where a principal debtor is solvent, at the maturity of the indebtedness, and the creditor, on being required by the surety to prosecute the principal, neglects to do so, until the principal debtor becomes insolvent, the surety is discharged, is of too long standing, and has been acted upon and applied too often, to be now disturbed.

APPEAL from a judgment entered at the circuit upon the verdict of a jury.

*T. Hastings*, for the defendant.

*G. P. Townsend*, for the plaintiff.

*By the Court*, WELLES, J.  The action was upon a promissory note given by the defendants to the plaintiff, on which Lincoln was the accommodation surety for Roe.  The defense set up by Lincoln was, that after the note became due, he requested Merritt, the payee and holder, to collect the note of Roe, the principal, and directed him to sue Roe, which Merritt, the plaintiff, neglected to do.  That thereafter, and before the commencement of this action, Roe became insolvent and unable to pay his debts, and made an assignment for the benefit of his creditors, whereby Lincoln, the surety, became discharged.  After the plaintiff had proved the execution of the note by the defendants and the computation of interest thereon, he rested.  The defendants then gave evidence tending to sustain the above defense, and the plaintiff gave evidence in reply.

The evidence being closed, the defendant's counsel requested the judge to charge the jury, that if the note could have been collected by reasonable diligence on the part of the plaintiff, at and after the time when the defendant directed or requested him to sue Roe, the maker, and the plaintiff omitted to use that diligence, then the liability of the defendant Lincoln would be at an end.  The judge refused so to charge, and the defendants' counsel excepted.  The judge then charged the jury, that to make out the defense of Lincoln, they must find that Roe, the principal debtor, was at the time of the request, solvent and able to pay his debts.  The defendants' counsel excepted to this part of the charge.  The jury found a general verdict in favor of the plaintiff for $572.38.

I think the charge as actually given by the judge was correct. The rule in question applicable to such cases, does not require the creditor to pursue an insolvent principal at the direction of the surety.  If Roe was not solvent he was insolvent.  In *Fulton* v. *Matthews*, (15 *John.* 433,) Spencer, J., in delivering the opinion of the court, says, " It ought to be put beyond a doubt

Merritt *v.* Lincoln.

that the surety is injured by the delay, that is, that the princi-
pal was solvent and able to pay the debt, if he had been prose-
cuted for it." This, it seems to me, is the only safe and certain
rule to adopt in such cases. The moment you depart from it
you enter a field of conjecture and uncertainty, and where it
would be exceedingly difficult to limit the inquiry. If there was
an inability on the part of the principal to pay his debts, it is
not perceived how a prosecution would result in collecting the
debt in question, unless some advantage or preference over other
creditors would be thereby obtained, which the law does not fa-
vor and which the court will not encourage.

Perhaps the request of the defendants' counsel implies the
same as the charge. If that be so, the defendant has no ground
of complaint. If it came short of it, and contemplated less
than solvency or ability to pay his debts on the part of the prin-
cipal debtor, at the time of the request to prosecute, it did not
come up to the proper standard.

The defendants' counsel has made a point upon the ruling of
the judge at the trial, upon the admission of evidence, as follows.
The defendant was a witness for his co-defendant Lincoln, and
testified among other things, that after the note became due the
plaintiff called on him for payment, and on that occasion stated
that Lincoln had requested him to collect the note and prose-
cute it immediately. He also testified in relation to his ability
at that time to pay, &c. and that he made a general assignment
of all his property in trust for the payment of his debts, bearing
date Nov. 13, 1851. On cross-examination, the plaintiff's
counsel asked him the following question : " Did you meet with
reverses after the plaintiff demanded payment of the note as
testified to by you, and before the 13th Nov. 1851?" This
question was objected to by the defendants' counsel, and the ob-
jection was overruled. This ruling was clearly right. 1. No
ground was stated for the objection ; 2. It was a cross-examin-
ation ; and 3. It called for evidence, which certainly did not
affect the defendant injuriously. The validity of a defense on
the part of a surety, that the principal debtor was solvent at the
maturity of the indebtedness ; that the creditor was required by

The People v. Masters.

the surety to prosecute the principal, and that he neglected to do so until the principal debtor became insolvent, was denied upon the argument by the plaintiff's counsel, who attempted to show that all the reported cases in this state going to uphold such a defense are founded in error. The view above taken of this case renders it unnecessary to pass upon that question; yet we think it proper to remark, that the rule is of too long standing, and has been acted upon and applied too often, to be now disturbed. *Stare decisis* is a wholesome principle, and applies with much emphasis to the rule in question.

New trial denied.

[MONROE GENERAL TERM, December 3, 1855. *Johnson, Selden* and *Welles,* Justices.]