## GOLDSMITH *vs.* BROWN and WARREN.

Upon the assignment by B. to G. of a mortgage for $2000, made by W., B. and H. W. executed a covenant to G. by which they agreed to pay him the amount of any deficiency, whenever there should be a foreclosure and sale of the mortgaged premises and a deficiency should occur and be ascertained.

*Held,* 1. That the word deficiency, as used in the covenant, had a technical meaning, and signified that part of the debt or sum of money which the mortgage was made to secure, and which should not be realized and collected from the subject mortgaged, and which was chargeable under the practice of our courts, in the form of a personal judgment against the debtor.

2. That the covenantors were sureties for the payment of W.'s debt, to the extent of any sum or balance which the proceeds of the mortgaged premises, upon a sale thereof, should fail to pay; and the contingency upon the happening of which their duty and obligation arose was the entering of the decree or judgment for the deficiency, upon the referee's or sheriff's report of the sale.

3. That the obligation of the covenantors was to pay the deficiency upon the mortgage debt, whenever the remedy against the lands mortgaged should have been exhausted, and the deficiency ascertained; not that the debt was collectible by a diligent pursuit of the remedies at the command of the holder, to recover it.

4. That the omission of G. to institute proceedings to foreclose the mortgage, for more than 14 months after the money secured thereby became due and payable, did not discharge B. and H. W. from their liability upon the covenant to pay the deficiency.

5. That it was no part of G.'s duty to pursue his remedy against W., the mortgagor, personally, or his grantees who might have assumed and become lia-

Goldsmith *v.* Brown.

ble to pay the debt secured by the mortgage. But, whenever he had exhausted his remedy against the lands mortgaged, and obtained his decree or judgment for the deficiency, his right to receive and collect the amount thereof from the covenantors was consummate and complete.

6. That the contract of B. and H. W., although in effect a contract to guaranty the payment of $2000, with interest, when in fact only $1800 was paid by G. to B. on the assignment of the mortgage, was not void for usury; the transaction not assuming the form and character of a loan of money.

7. That the liability of B. and H. W., upon their covenant, was limited to the sum of money actually paid to B. by G. for the mortgage, with interest.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged that on or about the tenth day of February, 1855, the defendants made and entered into an agreement in writing with the plaintiff, under their hands and seals, of that date, in the words and figures following: " This agreement, made this 10th day of February, 1855, between Augustus J. Brown and Henry Warren, of the city of Brooklyn, of the first part, and Jeremiah Goldsmith, of the second part: whereas, the said Augustus J. Brown is the owner of a certain mortgage made by David Worcester unto the General Theological Seminary of the Protestant Episcopal Church in the United States, bearing date the 10th day of July, 1854, upon certain premises situate on Church street, in the sixth ward of Brooklyn, and, as is in said mortgage particularly described, to secure the sum of two thousand and two hundred dollars, with interest, which is recorded in Kings county register's office, in liber of mortgages No. 318, page 34, on the 3d day of August, 1854, and which mortgage, and bond accompanying, has been duly assigned and set over unto the said Brown by the said theological seminary, by an indenture of assignment, dated January 15th, 1855:

And whereas, the said Augustus J. Brown has, at the day and date of these presents, duly assigned and set over the said mortgage and bond unto the said party of the second part to these presents; and whereas, also, the said Henry Warren, at the request of the said Brown, and the said

Brown, in consideration of said assignment, have agreed to join in a covenant whereby the said party of the second part shall be protected and reimbursed the said sum advanced in the purchase of said mortgage, and interest, as hereinafter mentioned:

Now this agreement witnesseth, that the said parties of the first part, for themselves, their heirs, executors and administrators, in consideration of the premises, and of one dollar to them paid, the receipt whereof is hereby acknowledged, hereby covenant and agree with the said party of the second part, his heirs and assigns, that whensover the money secured by the said mortgage shall become due and payable, and upon a foreclosure of the same, shall be had for the non-payment of principal or interest, and a sale of the premises therein described, a deficiency shall occur, and a decree or judgment had for such or any deficiency, that then, in such case, the said parties of the first part will pay unto the said party of the second part, or his assigns, the amount of any deficiency, and the decree entered or to be entered therein, with interest, the said parties of the first part hereby agreeing to demand and accept an assignment of the said decree (if any) ; and the said party of the second part hereby agrees to execute and deliver unto the said parties of the first part, or to their assigns, an assignment of the same, upon being paid the amount of any such deficiency or decree, with any interest that may accrue thereon :

And it is further understood and hereby specified, that, at the time of the assignment and execution of the said bond and mortgage, the sum advanced, and remaining due thereupon, is the sum of two thousand dollars, two hundred dollars having been paid by said Worcester to said A. J. Brown. In witness whereof," &c.

The plaintiff further alleged, that the principal sum secured by the bond and mortgage referred to in the said agreement, became due and payable on the 10th day of July, 1857 ; and that on or about the 30th day of September, 1858,

Goldsmith *v.* Brown.

the plaintiff commenced an action in the supreme court for the county of Kings for the foreclosure of said mortgage, the principal sum thereof, with interest, not having been paid; and such proceedings were thereupon had, that on the 8th day of March, 1859, a decree or judgment order in said action was made by the said court, for the foreclosure of the said mortgage and sale of the premises; and that if the proceeds of such sale should be insufficient to pay the amount reported due to the plaintiff, with interest and costs, the amount of such deficiency should be specified in the report of sale therein, and David F. Worcester, one of the defendants therein, should pay the same to the plaintiff. That, pursuant to said decree or judgment order, the premises were duly sold on the 13th day of June, 1859, by the sheriff of the county of Kings, for the price or sum of twelve hundred dollars, and that the plaintiff became the purchaser thereof. That, upon said sale, there occurred a deficiency of fourteen hundred and thirty dollars and thirteen cents, as appears by the sheriff's report of said sale duly filed in the office of the clerk of Kings county; and that thereupon, to wit, on the 29th day of June, 1859, a judgment was rendered in said court against David F. Worcester, in favor of the plaintiff, for the said sum of fourteen hundred and thirty dollars and thirteen cents, with interest from June 23d, 1859, of which no portion has ever been made. The plaintiff further alleged, that before the commencement of this action he demanded of the defendants payment of the amount of such deficiency, and at the same time tendered to them an assignment of said judgment against David F. Worcester, duly executed by the plaintiff, but that the defendants refused to pay the same, and have ever since neglected and refused to pay the same, although the plaintiff has always been, and still is, ready and willing to deliver to said defendants an assignment of said judgment upon being paid the amount due thereon. The plaintiff demanded judgment against the defendants for the said sum of fourteen hundred and thirty

dollars and thirteen cents, with interest from the 23d day of June, 1859, besides costs.

The defendant Brown, in his answer, admitted that he executed the agreement set out in the complaint; that the principal sum secured by the bond and mortgage referred to therein, became due on July 10th, 1857, and that on or about September 30th, 1858, the plaintiff commenced an action in the supreme court for the foreclosure of said mortgage, but as to each and every other allegation contained in the complaint he denied that he had knowledge or information thereof sufficient to form a belief. He alleged that the bond and mortgage referred to in the complaint became due on the 10th day of July, 1857; that interest was then due upon said bond and mortgage from the 10th day of January, 1857; that the premises so mortgaged to the plaintiff were then rented, and were paying an income more than sufficient to pay the interest accruing upon the bond and mortgage, and the taxes and insurance upon the property; that at the time of the maturity of said bond and mortgage, the mortgaged premises were worth more than enough to pay the amount due upon the bond and mortgage, but that the plaintiff neglected to foreclose said mortgage for more than fourteen months after its maturity, and neglected to take any proceedings to have the rent and income of the premises applied to the payment of the interest, taxes or insurance upon said property; and the defendant alleged, that by reason of the negligence and laches on the part of the plaintiff in these respects, he had been greatly prejudiced, and that he had been disharged from all liability upon said agreement. The defendant also alleged, that before the maturity of said bond and mortgage, to wit, on or about the 24th day of August, 1855, the mortgaged premises were, for a valuable consideration, duly conveyed to one Calvin M. Northrop. That Northrop accepted the conveyance, and in and by the deed conveying the said premises to him, he assumed as part of the purchase money for said premises, and agreed to pay, the

Goldsmith *v.* Brown.

said bond and mortgage. That the plaintiff neglected to make the said Northrop a party to said suit of foreclosure, or to procure judgment therein for the deficiency, if any there might be, against Northrop, and that by reason of such negligence on the part of the plaintiff, the defendant claimed he was discharged from all liability upon the agreement. That the said Calvin M. Northrop and wife, for a valuable consideration, on or about October 11th, 1855, duly conveyed the mortgaged premises to one Warren N. Herrick. That Herrick accepted said conveyance, and in and by the deed conveying said premises to him, he assumed and agreed to pay the said bond and mortgage as a part of the purchase money for the premises. That the plaintiff neglected to make Herrick a party to said suit of foreclosure, or to procure a judgment therein for the deficiency, if any there might be, against Herrick, and that by reason of such neglect and laches on the part of the plaintiff, the defendant had been discharged from all liability upon said agreement. That on or about the 18th day of June, 1856, Herrick and wife, for a valuable consideration, duly conveyed the said mortgaged premises to one Amasa A. Goold. That Goold accepted said conveyance, and in and by the deed conveying to him the said premises, he covenanted and agreed to pay the bond and mortgage held by the plaintiff as a part of the purchase money for the premises. That the plaintiff made Goold a party to said suit of foreclosure, but he neglected in his complaint to ask for a judgment against the said Goold, for the deficiency, if any there might be; on the contrary, the plaintiff caused to be served upon Goold a notice in the said action that he made no personal claim against him, and the defendant alleged that by reason thereof he had been discharged by the plaintiff from all liability upon the agreement. The defendant further alleged, that the only consideration given by the plaintiff to the defendant, for the assignment of the bond and mortgage referred to in said agreement and the

complaint, was the sum of $1800, and no more, and that said transaction was, as between the plaintiff and the defendant, a loan of the sum of eighteen hundred dollars by the plaintiff to the defendant at a usurious interest, to wit, the legal interest on the sum of two thousand dollars during the term of said loan, and the further sum of two hundred dollars; and that by reason thereof the said agreement was void.  A similar answer was put in by the defendant Warren.

The action was referred to a referee, who found and reported, as matters of fact, that the agreement, dated the 10th day of February, 1855, and set forth in the complaint, was made and executed by the parties.  That the principal sum secured by the bond and mortgage mentioned in the said agreement became due and payable the 10th day of July, 1857.  That on the 30th day of September, 1858, the plaintiff commenced an action for the foreclosure thereof, and a judgment for the foreclosure and sale of the premises described in the mortgage was entered on the 8th day of March, 1859.  That on such sale there was a deficiency to the amount as stated in the complaint, for which judgment was entered against David F. Worcester, as therein stated. That before the commencement of this action, the plaintiff demanded of the defendants payment of said judgment for the deficiency, and tendered them an assignment of said judgment, and the defendants refused to pay the same.  And he found, as conclusions of law, from the foregoing facts: That by said agreement the defendants were bound to pay to the plaintiff the amount of the judgment for the deficiency which should be entered on a foreclosure of said bond and mortgage, after the principal sum thereof became due and payable.  That the plaintiff was entitled to judgment against the defendants for the amount claimed in the complaint, which, with interest to the date of the report, was the sum of $1580.28.

The defendants appealed from the judgment.

Goldsmith *v.* Brown.

*G. G. Reynolds,* for the plaintiff.

*B. D. Silliman,* for the defendants.

*By the Court,* BROWN, J.   The obligation of the defendants was to pay the deficiency upon the mortgage debt, whenever the remedy against the lands mortgaged should have been exhausted and the deficiency ascertained; not that the debt was collectible by a diligent pursuit of the remedies to recover it at the command of the holder.   The written contract bears date February 10th, 1855, between the plaintiff of the first part and the defendants Augustus J. Brown and Henry Warren of the second part, and it recites the existence of the mortgage made by David Worcester to the General Theological Seminary of the Protestant Episcopal Church in the United States, upon certain premises in the 6th ward of the city of Brooklyn, to secure the payment of $2000, with the interest, and the assignment thereof by the Theological Seminary to Augustus J. Brown by indenture, dated January 15th, 1855.   It also recited that the latter had duly assigned over the bond and mortgage to Jeremiah Goldsmith, and that Henry Warren, at the request of Brown, had agreed to join with him in a covenant, whereby the party of the second part, Goldsmith, should be protected and reimbursed the money advanced in purchase of the mortgage and the interest, as thereinafter mentioned.   The defendants therein covenanted that "whenever the money secured by the mortgage shall become due and payable, and a foreclosure of the same shall be had for the non-payment of principal or interest, and a sale of the premises therein described, a deficiency shall occur, and a decree or judgment had for such or any deficiency, that then and in such case the parties of the first part will pay unto the party of the second part, or his assigns, the amount of any deficiency, and the decree entered or to be entered therein, with interest, the parties of the first part hereby agreeing to demand and accept an assignment of the

said decree." The letter of the covenant, it will be seen, is to pay the amount of any deficiency, whenever there should be a foreclosure and sale of the mortgaged premises and a deficiency shall occur and be ascertained. This word deficiency, as used in this contract, has a technical meaning, and signifies that part of the debt or sum of money which the mortgage was made to secure, and which is not realized and collected from the subject mortgaged, and which is chargeable under the practice of our courts in the form of a personal judgment against the debtor. The defendants were sureties for the payment of Worcester's debts, to the extent of any sum or balance which the proceeds of the mortgaged premises, upon a sale thereof, failed to pay; and the contingency, upon the happening of which their duty and obligation arose, was the entering of the decree or judgment for the deficiency upon the referee's or sheriff's report of the sale. The omission of the plaintiff to institute proceedings to foreclose the mortgage for more than 14 months after the money secured thereby became due and payable, did not discharge the defendants from their liability upon the covenant to pay the deficiency. " A mere omission by the creditor to collect the debt due by the hypothecated property, so that it is lost by his laches, will not discharge the sureties. The creditor must be guilty of some wrongful act, as by a release or fraudulent surrender of the pledge, in order to discharge the surety." (*Story's Eq. Jur.* 501, 639.) " If the creditor does any act injurious to the surety, or inconsistent with his rights; or if he omits to do any act, when required by the surety, which his duty enjoins him to do, and the omission proves injurious to the surety; in all such cases the latter will be discharged, and he may set up such conduct as a defense to any suit brought against him, if not at law at all events in equity." (*Id.* 325. *Schroeppell* v. *Shaw*, 3 *Comst.* 446. *Merritt* v. *Lincoln*, 21 *Barb.* 249.)

Nor is it any part of the plaintiff's duty to pursue his remedy against David Worcester, the mortgagor, personally,

Goldsmith *v.* Brown.

or his grantees who may have assumed and become liable to pay the debt secured by the mortgage. Whenever he had exhausted his remedy against the lands mortgaged, and obtained his decree or judgment for the deficiency, his right to receive and collect the amount thereof from the defendants became consummate and complete. Such was the legal effect of their contract with the plaintiff. They undertook to pay the deficiency whenever it should occur upon a foreclosure and sale of the mortgaged premises, and a decree or judgment should be had therefor. The contract provides for an assignment by the plaintiff to the defendants, of the judgment or decree, and it evidently intended to put it into the power of the defendants themselves to take such remedies as might be had against the mortgagor and his grantees to recover the deficiency.

The proof before the referee showed that the plaintiff paid to the defendant Augustus J. Brown, for the bond and mortgage, the sum of $1800, being $200 less than the principal sum secured to be paid thereby. The deficiency of $1430.13, found by the report of the sheriff, is made up as against David Worcester, the mortgagor, and shows the sum unpaid upon the principal sum of $2000 and interest thereon, secured to be paid by the mortgage after the application of the proceeds of the sale. The defendants insist, as a bar to the plaintiff's action against them, that the contract to pay the deficiency is usurious and void, because it is in effect a contract to guaranty the payment of $2000, with the interest, when in fact but $1800 was paid and received by the defendant Augustus J. Brown. This would certainly prove a formidable objection to the plaintiff's right of action, if the transaction could be made to assume the form and character of a loan of money. A loan of $1800, with an agreement at the same time to repay $2000 with the interest, or that a like sum should be realized from any specific fund or property assigned as security for the repayment of the money loaned, with the interest, would be a plain and palpable infraction

of the statute of usury. It would be so because the transaction would be a loan of money at a rate of compensation, for the use, forbidden by law. The ingenuity of the circumstances and contrivances by which the real character of the transaction might be apparently covered up and concealed, would not protect it from the consequences denounced by the statute. If found in reality to be a loan of money, with an agreement for a greater rate of interest for the use and forbearance than the law allows, it could not be enforced in a court of justice; for the law would not aid in its recovery. The distinction between a loan of money to be repaid, with the interest, and the sale and assignment of a chose in action of the class known as bonds, mortgages and promissory notes, for a sum of money less than the sums expressed upon the face of the instrument, with a guaranty by the assignor or vendor to pay the principal sum expressed in the instrument, with the interest, was recognized in *Rapelye* v. *Anderson*, (4 *Hill*, 472.) The complainant, Anderson, filed his bill against the defendant, Rapelye, to set aside an assignment made by him to the defendant of a bond and mortgage to secure $3000 with the interest. The defendant paid to the complainant for the bond and mortgage $400 less than the principal sum secured thereby, and at the same time took from the complainant and one Remsen a bond in the penal sum of $6000, conditioned that if the mortgagor paid to the defendant the sum of $3000, and interest on the day it fell due, the bond should be void; otherwise of force. The deed of assignment also contained a covenant that $3000 was due and owing upon the bond and mortgage. It was claimed by the complainant that the transaction was a loan of money, and usurious. The chancellor affirmed this view, making a decree that the bond and deed of assignment were inoperative and void. The court for the correction of errors, upon appeal, entertained a different opinion. It reversed the decree of the chancellor; holding the transaction a sale of a chose in action, and not a loan of money, and therefore not usurious

Goldsmith *v.* Brown.

*per se.* It was also intimated that the assignee's recovery upon the bond of guaranty would be limited to the actual sum paid for the bond and mortgage, notwithstanding the consideration expressed in the deed of assignment. *Jones v. Stienbergh* (1 *Barb. Ch. Rep.* 250) is to the same effect; the complainant taking a decree in the action to foreclose the mortgage, against the assignors who had guarantied the payment of the principal sum of money with the interest, for the deficiency, to the extent of the sum of money paid upon the sale and assignment of the bond and mortgage.

The referee who heard and determined this action has committed no error in his report, except that he has charged the defendants with the whole amount of the deficiency. Upon the authority of the cases to which I have referred, their liability is limited to the sum of money actually paid to them by the plaintiff for the bond and mortgage, with the interest.

There must be a new trial, with costs to abide the event, unless the defendant consents to remit and deduct from the judgment the sum of $200, with the interest thereon from the 10th day of February, 1855, the date of the instrument upon which the action is brought. In which event the judgment is affirmed for the residue, and without costs to either party.

[KINGS GENERAL TERM, December 9, 1861. *Emott, Brown* and *Scrugham,* Justices.]