Jarman *v.* Wiswall.

---

JARMAN *vs.* WISWALL and others.

1. A mortgagee who assigns the mortgage and guarantees the debt, is a proper party in a suit to foreclose the mortgage, and a personal decree may be made against him for any deficiency.

2. That the liability of such guarantor cannot take effect until the remedy against the mortgagor shall have been exhausted, is no objection to the jurisdiction of this court. The decree, in such case, would be made to conform to the liability.

3. That the guarantor is liable at law, by direct and express covenant, for the payment of the deficiency, and his liability, therefore, a mere legal one, will not deter the court, under the statute, from exercising jurisdiction.

4. Motion to amend a final decree, to make it personal against a guarantor of a mortgage debt, for a deficiency, refused, under the circumstances of the case, where the complainant's remedy at law was adequate.

Motion to amend a final decree.

*Mr. G. P. Kingsley* and *Mr. F. H. Teese,* for complainant.

*Mr. Williamson,* for John Hoey.

THE CHANCELLOR.

The complainant applies to amend the final decree in this cause, by inserting therein a clause decreeing and enforcing, by execution, the personal liability of the defendant, John Hoey, for the deficiency between the net proceeds of the sale of the mortgaged premises, under execution on the final decree, and the amount due the complainant on his mortgage for principal, interest, and costs. The bill was filed against Wiswall and wife, and Hoey, for foreclosure and sale of certain mortgaged premises in Monmouth county. Hoey was made a party because he had assigned the mortgage to the complainant, with (according to the statement in the bill,) an express guaranty of the payment of the mortgage at the time therein specified, upon the failure of Wiswall to pay it. The bill prayed a decree for deficiency against him. By order of August 10th, 1872, he was required to appear, plead, demur, or answer, on or before the 11th day of October then next. That order was duly published, and by means of the publication a copy of it reached him in France, September 28th, 1872. This was the first knowledge or information he had of the existence of the suit. He at once sent the notice to his solicitors in the city of New York, with directions to look after the matter for him. They received it on the 13th of October, following, and at once applied to the complainant's solicitor for further time to answer, which was refused. Interlocutory decree by default, was entered on the 15th day of October, and the final decree, four days afterwards. Hoey's solicitor, very shortly after the latter was entered, examined it, and finding that it was not personal, either as to Wiswall or Hoey, advised his client that it was not necessary to look after the matter, further. The omission to take a personal

decree for deficiency, is explained by the complainant's solicitor. His reason was that he was informed by counsel that it was the practice of the court to allow an execution to be issued in such cases, in the event of there being a deficiency, upon petition without notice, and that this was the usual method.

This application is opposed principally on the ground that the court has no power to make a personal decree for deficiency against a mere guarantor, and that if it has the power, it will not exercise it, seeing that the decree has been executed by the sale of the mortgaged premises, and that by the omission of the complainant to make the decree personal, Hoey has been misled as to the complainant's intention with regard to him, and if the amendment applied for be granted, he will have thus been deprived of all opportunity for defence.

Has the court power, in a suit for foreclosure of a mortgage, to make a decree for deficiency against a mere assignor of the mortgage, who has guaranteed its payment to the complainant?

It was held in this court, in *Klapworth* v. *Dressler*, (1860,) 2 *Beas.* 62, that where the grantee in a deed covenants with the grantor to pay off an encumbrance subsisting on the premises, if the grantor is personally liable for the payment of the encumbrance, the grantee, by virtue of the agreement, is regarded in equity as the principal debtor, and the grantor as a surety only; and that, as a creditor is entitled to the benefit of all collateral obligations for the payment of the debt, which a person standing in the situation of a surety for others has received for his indemnity, and to relieve him or his property from liability for such payment, the holder of the mortgage is entitled in equity, to the benefit of the purchaser's obligation, and may enforce it against the purchaser to the extent of the deficiency, in a suit to foreclose.

The decision in that case was put upon the ground that the complainant had no remedy whatever, at law, against the purchaser, and that the claim was purely equitable, and must be enforced, if at all, in a court of equity.

At that time, we had no act on the subject. Subsequently, by statute, the power of this court over it was recognized and extended.

By the act. of 1866, (*Nix. Dig.* 119,) it was enacted that "it shall be lawful for the Chancellor, in any suit for the foreclosure or sale of mortgaged premises, to decree the payment of any excess of the mortgage debt above the net proceeds of the sale, by any of the parties to such suit, who may be liable, either at law or in equity, for the payment of the same."

The defendant insists, that the word "parties," in that act, must be construed to mean *necessary* parties; and he further insists, that a mere guarantor is not a necessary, nor even a proper party to a suit for foreclosure.

I do not think so. A guarantor, in such case, is not a necessary party, but he is a proper party. He is interested in the account to be taken in the suit, of the amount due on the security, the payment of which he has guaranteed. He is interested in the judicial sale in which the proceedings may result; that it shall be lawfully made and properly conducted, and that the property shall not be unnecessarily sacrificed.

In *Bristol* v. *Morgan*, 3 *Edw.* 142, it was held that, apart from the statute, a mortgagee, who assigns the mortgage and guarantees the principal and interest, is a proper party in a suit to foreclose the mortgage. See, also, *Jones* v. *Stienbergh*, 1 *Barb. Ch.* 250.

In *Curtis* v. *Tyler*, 9 *Paige* 432, the owner of a mortgage assigned it, covenanting with the assignee, that the amount of the mortgage was due and collectible, and subsequently took the bond of a third person, as a further security for the amount due on the mortgage. It was held that the assignee of the mortgage was, in equity, entitled to the benefit of this collateral bond for the security of the mortgage debt; and that, in a suit for the foreclosure of the mortgage, the obligor in such bond was properly made a defendant, to enable the complainant to obtain a decree against him for the defi-

ciency, if the proceeds of the sale of the mortgaged premises should not be sufficient to pay the amount due and the costs of the foreclosure.

This decision was placed on the ground on which the decree in Klapworth *v.* Dressler rested, and it was also put upon the equity of the New York statute.

That statute authorizes the complainant, when the mortgage debt is secured by the obligation or other evidence of debt of any other person besides the mortgagor, to make such person a party to the bill, for the purpose of obtaining a decree against him for the deficiency, if there should be any after applying the proceeds of the sale of the mortgaged premises, towards the satisfaction of the debt and costs.

It will be perceived that our statute is quite as extensive in its scope. It authorizes the court to decree payment of the deficiency by any of the parties to the suit, who may be liable at law or in equity, for its payment. The guarantor, in the case before me, is liable at law, to the complainant, by direct and express covenant, for the payment of the deficiency. If his liability is such that it cannot take effect until the remedy against the principal debtor, Wiswall, shall have been exhausted, that is no objection to the jurisdiction of this court. The decree would, in such case, be made to conform to the liability.

In *Luce* v. *Hinds, Clark* 453, the guarantor had guaranteed the *collection* of the mortgage ; and it was held that, in a suit by the assignee of the bond and mortgage, for the foreclosure of the latter, against the mortgagor and the mortgagee, who had, on assigning to the plaintiff, guaranteed, as above stated, the decree should be, first, for the sale of the mortgaged premises; second, for a personal decree against the obligor, for the deficiency ; and, third, for an execution against the guarantor, for any deficiency, after the return of the execution against the obligor.

It is urged that this court will not take jurisdiction of cases of mere legal liability, like the present, if they be within the statute, because of its unwillingness to permit its appropriate

proceedings to be obstructed or embarrassed by the trial of collateral issues, which may be, perhaps, better disposed of at law. This objection would prevent the court from taking jurisdiction, under the statute, in every case of mere legal liability, and so the object of the legislature in enacting the law, to promote promptness, directness, and economy in the collection of mortgage debts, would, to a very great degree, be frustrated.

It appears that, in an unreported case, Kirkpatrick v. Judson, decided by Chancellor Zabriskie, October 14th, 1870, he refused, on an ex parte application, to make a personal decree in a case like the present; and it is said that, on the occasion, he expressed an opinion that the act was not intended to extend the power of the court beyond those who were necessary parties to the suit. The subject, however, was not before him, in that case, for deliberate judgment. I am not willing to give so restricted a construction to the act.

Whether the court would, after a final decree in a foreclosure case has been executed by the sale of the mortgaged premises, amend it by decreeing personal liability for deficiency, in a case where the complainant would have no remedy at law, it is not necessary now to consider. In the present case the omission of the personal decree was not due to inadvertence. That subject, both as regarded Wiswall and Hoey, was left for further application to the court. Hoey's solicitor, failing in his application to the solicitor of the complainant, for further time to answer, examined the final decree on file, and finding that it contained no personal decree for deficiency, concluded that the complainant had abandoned his intention to take any, and gave the suit no further attention, advising his client that it was unnecessary to trouble himself further about it.

Under the circumstances, the conclusion was not unreasonable. He had applied for time to answer, thus indicating an intention to put in a defence to the claim made in this suit against his client. The application was refused, and the decree almost immediately thereafter entered. Had it fixed

the personal liability of his client, he might have applied to the court for time to answer. Finding that it did not do so, he regarded and treated it as a finality, and Hoey swears that he therefore paid no attention to the sale.

I am unwilling to exercise the power of amendment, under such circumstances, where the complainant's remedy at law is complete. By refusing it, no wrong is done to the complainant. He is merely put to his action at law. It is not clear that by granting it, wrong would not be done to the defendant.

The motion is denied, with costs.