# 344 GRIFFITH v. ROBERTSON.

---

GRIFFITH J. GRIFFITH, RESPONDENT, v. SAMUEL ROBERTSON, APPELLANT, IMPLEADED WITH ARTHUR B. MEEKER AND OTHERS.

*Guaranty against loss — liability thereon — Laches.*

The owner of a mortgage, upon assigning the same, executed the following guaranty : "For a valuable consideration I hereby agree to, and do hereby guaranty, G. J. Griffith (the assignee) against loss from this mortgage."

*Held,* that the guaranty was limited to the amount paid on the assignment, and that the act of the plaintiff in delaying unreasonably the collection of the mortgage, during which time the property described in the mortgage depreciated in value, released the mortgagee from all liability on his guaranty.

APPEAL from a judgment, entered in Oneida county upon the trial of this action by the court without a jury.

This action was brought on the equity side of the court to foreclose a mortgage (which the defendant, Robertson, had assigned and guaranteed) and to enforce any deficiency, that might remain after the sale of the land and exhausting remedies against the mortgagor, out of the defendant, Robertson, on his guaranty. The court found the amount due, and ordered a foreclosure and sale, and payment of the costs out of the proceeds, application of the balance to the mortgage debt, the enforcement of the mortgagor's liability in this action; and after that, the judgment declares that the defendant, Robertson, is liable to pay, and that judgment may then be enforced against him for any such final deficiency.

The only question brought up by the appeal is as to Robertson's liability upon his guaranty.

*C. J. Fowler*, for the appellant.

*Seymour & Weaver*, for the respondent.

Hardin, J.:

By section 152, 2 Revised Statutes, 199 (Edm. ed.), it was provided that all bills " for the satisfaction of a mortgage," the court shall " have power to decree and direct the payment by the mortgagor of any balance of the *mortgage debt* that may remain unsatisfied after a sale of the premises, in the cases in which such balance is recoverable at law." * * *

Section 153 provided that, " after such bill shall be filed, and while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the Court of Chancery." These sections of the Revised Statutes seem to be in force. (*Scofield* v. *Doscher*, 17 N. Y. S. C., 582; *Equitable Life Insurance Society* v. *Stevens et al.*, 63 N. Y., 341.)

The 154th section of Revised Statutes provides that, " if the mortgage debt be secured by the obligation or other evidence of debt hereafter executed, of any other person besides the mortgagor, the complainant may make such person a party to the bill, and the court may *decree payment of the balance* of such debt, remaining unsatisfied *after* a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases."

Under those sections it was common to make the persons who had become sureties for the mortgage debt parties, and to decree their liability. (*Suydam* v. *Bartle*, 9 Paige, 294; *Comstock* v. *Drohan*, [15 Sup. C. R.], 8 Hun, 375; *Leonard* v. *Morris*, 9 Paige, 91; *Coutant* v. *Catlin*, 2 Sand. Chy., 489.) A subsequent action for deficiency could not be brought, except upon the consent of the court, and that consent might, in its discretion, be refused. (*Scofield* v. *Doscher*, 17 S. C. Reports, 583; *Equitable Life Insurance Society* v. *Stevens*, 63 N. Y., 341.) This practice was expressly saved and continued by section 167 of the Code, which excepts mortgage foreclosure cases from the rule requiring causes of actions united to affect all the parties. The further

provision is found in the section that a judgment for deficien y may be adjudged against the mortgagor where he is liable personally for the debt; and also the further provision that, "if the mortgage debt be secured by the covenant or obligation of any person other than the mortgagor, the plaintiff may make such a person a party to the action, and the court may adjudge payment of the residue of such debt, remaining unsatisfied after a sale of the mortgaged premises, against such other person, and may enforce such judgment as in other cases."

Manifestly, this section was intended to preserve the practice in mortgage foreclosure cases, which was established by the sections of the Revised Statutes quoted. The defendant Robertson, when he sold the mortgage, executed an assignment thereof, and received, as the trial judge has found, the full face thereof; and at the same time executed a guaranty, in the following words, viz.: "For a valuable consideration, I hereby agree to, and do hereby guaranty G. J. Griffith against loss from this mortgage."

Under such a guaranty, the liability of the guarantor must be limited to the amount paid and received as the consideration for its execution. (*Goldsmith* v. *Brown*, 35 Barb., 495; *Jones* v. *Stuckbury*, 1 Barb. Chy., 250.)

We think the instrument executed by the defendant Robertson must be construed, and held to be a guaranty of collection. In such a guaranty, it is a condition precedent that the creditor shall diligently endeavor to collect the amount of the principal debtor, by exhausting the ordinary legal remedies for that purpose, and a failure to do so works a discharge of the guarantor.

This doctrine was laid down by TALCOTT, J., in *Northern Ins. Co. of N. Y.* v. *Wright* (20 N. Y. S. C. Rep., 168), and cases sustaining the doctrine are there cited. (See *Keys* v. *Tifft*, 1 Cowen, 98; *Craig* v. *Parkis*, 40 N. Y., 181; *Moakley* v. *Riggs*, 19 Johns., 69; *Loveland* v. *Shepard*, 2 Hill, 139.) And in such cases no request on the part of the creditor is necessary. There seems to have been unreasonable delay upon the part of the creditor. During that delay, the property covered by the mortgage largely depreciated in value, thus lessening the security of the mortgage.

We think the learned trial judge fell into an error in allowing the

plaintiff to recover a judgment against the guarantor, the defendant Robertson; and so far as the judgment affects him, it is erroneous, and should be reversed.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment as to Robertson reversed, and new trial ordered, with costs to abide the event.