JOSIAH LOCKWOOD, APPELLANT, *v.* JOHN FAWCETT, JR., AND OTHERS, IMPLEADED, ETC., RESPONDENTS.

*Action for foreclosure — judgment for deficiency must be recovered in, in order to sustain a subsequent action to enforce payment of the deficiency out of land devised by the mortgagor.*

Dorothea Dixon, a married woman, executed a bond and mortgage to one Simpson, and thereafter died, leaving a will by which she devised certain real estate to persons therein named. After her death the mortgage was foreclosed, her executors being made parties, and a judgment for any deficiency was prayed for against them. The judgment made no provision for the payment of any deficiency; the report of the referee to sell showing a deficiency was confirmed; no judgment for the deficiency was ever entered.

In this action, brought upon the bond to enforce payment of such deficiency out of the real estate devised as aforesaid, *held*, that as no judgment for deficiency had been rendered in the foreclosure action, no debt against the estate had been established and the action could not be maintained.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

---

* The case does not show an appeal from the order.—[REP.

*Brewster Kissam,* for the appellant.

*Henry S. Rosquin,* for the respondents.

BARNARD, P. J.:

Dorothea Dixon in 1867 made her bond and mortgage to one Alexander Simpson for $2,000. She died in October, 1871, leaving a last will by which she devised the real estate described in the complaint to her husband for life, and after his death to the defendant Hannah Hudson, upon payment by her to the surviving children of Alice Blackburn, Betsey Fawcett and Sarah Dixon, $1,000 in equal portions, share and share alike. In the event of Hannah Hudson's death, or in the event of her refusal to pay the $1,000, the devise of the fee was made to the surviving children of Betsey Fawcett and Alice Blackburn. After the death of Dorothea Dixon, Alexander Simpson foreclosed the mortgage given to him by Mrs. Dixon. Mrs. Dixon's executors were made parties defendants. In and by the complaint demand was made for a judgment for deficiency (if any) against the executors as such. The judgment was silent as to a possible deficiency, and authorized no judgment therefor. Upon the sale there was a deficiency of $705.61. The referee's report specified this deficiency, and an order was entered confirming the report in November, 1872, but no judgment was ever entered upon it.

Simpson has since died. His executrix assigned the bond to the plaintiff, and he brings the present action to enforce the payment of this deficiency out of the real estate devised to Hannah Hudson as above stated. I do not think the action can be maintained. There is no debt of Dorothea Dixon upon which it can be based as against her devisees. Simpson was bound to take judgment in the foreclosure action for the deficiency, or bring an action to recover it after the sale by leave of the Supreme Court. (*Scofield* v. *Doscher,* 10 Hun, 582; *Equitable Life Ins. Society* v. *Stevens,* 63 N. Y., 341.) He did neither. It is no answer to say that if a judgment had been taken it would have been of no effect in this suit. It would have established a debt. Now the presumption is that all the relief which he was entitled to in the foreclosure action he got as against Mrs. Dixon. The judgment is binding as

to all subjects which might have been litigated within the issues.

It is by no means impossible that the court in the foreclosure action may not have decided that Mrs. Dixon was not personally bound upon the bond. The law has been and is quite unsettled as to the liabilities of married women. The appellant makes a convincing argument on this appeal that she was bound, but an erroneous decision in the foreclosure action could not be remedied now in a collateral action.

Upon the whole case I think the judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.