In the Matter of the Application of the COMMISSIONERS OF PUBLIC PARKS, etc., Relative to Opening Railroad Avenue, East.

*Opening of streets in the city of New York — the report of the commissioners of estimate and assessment is reviewable by the court — when the franchise of a corporation is not subject to assessment — section 978 of the consolidation act applies to lands annexed to the city since the passage of chapter 160 of 1816.*

Upon the presentation to the court for confirmation of the report of the commissioners of estimate and assessments, appointed in proceedings for the opening of an avenue in the city of New York, the court has power to refuse such confirmation where it would be inequitable and unjust to confirm the report, but the power will not be exercised except upon a clear showing that confirmation would work injustice

The franchise of a railroad company owning and occupying the road-bed is in the nature of a contract between the State and the company, and does not in any manner come within the scope of an assessment like the one in this case.

The right conferred by section 987 of the consolidation act (chap. 410 of 1882) upon the commissioners to make allowances for damages to buildings not taken by the improvement, and to assess the amount thus allowed upon the property benefited, was denied by the appellants to exist in this case, upon the ground that the land taken was situated in the Twenty-third ward of the city of New York, and became a part of the city subsequent to the passing of chapter 160 of 1816, section 1 of which was incorporated into the consolidation act in section 978.

*Held*, that, without at all discussing what would have been the situation of the land in the Twenty-third ward in respect to the provision of the act of 1816, had the consolidation act not been enacted, an examination of the latter act showed that the appellant's position was not well founded, and that the said section did apply to lands in the said ward.

APPEAL from an order made at a' Special Term confirming the report of commissioners for opening Railroad avenue east.

*Truman H. Baldwin, L. Laflin Kellogg* and *John C. Shaw*, for the appellants.

*Carroll Berry*, for the respondents.

VAN BRUNT, P. J. :

This is an appeal from an order made at Special Term confirming the report of commissioners for opening Railroad avenue east. The objections presented upon this appeal seem to be as follows : First. That a substantial assessment should have been levied upon the road bed of the New York and Harlem Railroad Company, which road-bed lay within the area of assessment.    Second. That the assessments upon two parcels of land, being two narrow strips of land lying along said railroad, are much less than the benefit derived by the said parcels from the improvement; and, Third. That the commissioners erred in making awards for damages to buildings, not required to be taken for the purpose of the opening, by reason of the intended regulation of the avenue as to the elevation or depression thereof after the same should be opened.

In answer to the first two objections above named, it is urged by the respondents that the decision of the commissioners of estimate and assessment herein cannot be reviewed by the court upon questions

of fact, and that their judgment upon the benefit to be derived by any piece or parcel of land within the area of assessment is final and conclusive. We cannot admit that commissioners of estimate and assessment appointed under proceedings analogous to those in the case at bar are the autocrats possessing the arbitrary power which the rule contended for would bestow. If that were the case, then the application to confirm the report would be an idle ceremony and the court would be the mere clerk to record the decrees and mandates of these commissioners. The law having provided that the report of these commissioners shall be presented to the court for confirmation, the power to refuse such confirmation where it would be inequitable and unjust so to do is necessarily conferred. (*Equitable Life Insurance Co.* v. *Stevens*, 63 N. Y., 341.)

If this is not so, why the necessity of confirmation? The very object of this requirement would be defeated and the property of citizens would be at the mercy of an irresponsible board. Although the right to review the conclusions exists, they should not be interfered with except upon a clear showing that confirmation would work injustice. In respect to the objections under consideration, no such injustice is shown. The failure to assess the franchise of the railroad company was clearly no error, as such franchise could not be the subject of assessment for benefit. The franchise of the company is in the nature of a contract between the State and the company, and does not in any manner come within the scope of an assessment like the one at bar. The omission to assess for benefit the road-bed of the railroad company in no way operates as an injustice. This land could only be used for the purposes of a railway and as such no benefit whatever was derived from the improvement. The third and last objection is based upon the ground that because the Twenty-third ward of the city of New York became a part of the said city subsequent to the passing of the act of 1816 (chap. 160), the provisions of the act of 1816, which were incorporated into the consolidation act (chap. 410 of 1882) in section 978, do not apply. Without at all discussing what would have been the situation of the land in the Twenty-third ward in respect to the provision of the act of 1816 had the consolidation act not been enacted, a very brief examination of that act seems to show that the appellants position is not well founded. Whatever may have been the limitation placed in

the act appointing them, upon the powers of the commissioners in respect to the bringing together into one body the special and local laws affecting the public interests in the city of New York, when the legislature enacted the act proposed by them, such enactment became as much the law as if it had wholly emanated from the legislature itself. It is true that where such enactment is ambiguous or uncertain, reference may be made to the history of this legislation for the purpose of ascertaining the legislative intent, but where the provisions of the statute are plain, and no necessity for interpretation arises, the plain legislation cannot be defeated upon the ground that the legislature did not originally give the power to propose for adoption the measures subsequently enacted. It is conceded that section 978 of the consolidation act does apply in terms, but because the commissioners of revision had no power to propose its enactment so as to affect land in the Twenty-third ward and because section 1008 of the consolidation act provides "nothing contained in this title shall be construed as affecting any provisions of special acts relating to any particular districts or portions of the city, so far as such provisions are inconsistent with the provisions of this title," it is urged that the ward in question is not affected by this section.

The construction given to section 978 in no way conflicts with this restriction. The extension of section 978 to lands in the Twenty-third ward in no way affected any provision of law relating to any particular district, so far as this particular district was concerned, which was all that was intended by this provision and which would have been the rule of construction had no such provision been inserted in the consolidation act, as a general act, does not ordinarily repeal by implication a special act. The plain language of the consolidation act related to the Twenty-third ward as well as to any other part of the city. There were no special acts affecting the Twenty-third ward in respect to this subject, and, therefore, the subject was embraced within the legislative enactment. That new enactments were by the legislature supposed to be made by the consolidation act is conclusively demonstrated by the language of section 2143, in which it is expressly provided that certain sections therein named shall not be construed as making any new enactments,

etc. Had the legislature not supposed that new enactments were the result of the act of consolidation, this provision would certainly not have been inserted.

There is no reason which can be assigned for the exclusion of the Twenty-third ward from the provisions of section 978, and there, therefore, cannot be imputed an intention upon the part of the legislature to make a different rule as to assessments upon different parts of its territory dependent solely upon the period of acquisition. As to the refusal of the court to consider certain affidavits offered by one of the objectors, it seems to be sufficient to say that no objections by this objector were filed with the commissioners, and, therefore, these affidavits did not relate to any issue raised in the proceedings.

There seems to have been no error calling for a refusal of confirmation of the commissioner's report, and the order of confirmation should, therefore, be affirmed, with costs and disbursements.

BARTLETT, J., concurred.

Order affirmed, with costs and disbursements.