ISLAND SAVINGS BANK *vs.* CATHERINE GALVIN, Executrix.

NEWPORT—JUNE 25,.1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A mortgagee who has mortgaged property sufficient to pay the amounts due on the mortgage note, but permits the property to be sacrificed at a mortgagee's sale in order that a representative of the mortgagee may purchase said property for less than its market value, is equitably estopped from prosecuting a suit to recover the balance due on the note after such sale.

ASSUMPSIT for balance of a mortgage note remaining after sale of the mortgaged property under foreclosure. Heard on defendant's petition for a new trial.

PER CURIAM. The plea sets up by way of equitable defence that the plaintiff permitted the partnership property, on which it held a mortgage as security for the note in suit, to be sacrificed at the mortgagee's sale, through the action of its treasurer, Edward Newton, to the end that said Newton might purchase the property for greatly less than its fair market value, which was more than enough to pay the amount due on the note. The demurrer admits these allegations.

We think that the defence is good, in that it sets up an equitable estoppel founded on the conduct of the plaintiff, whereby a deficiency has arisen which the plaintiff was the means of creating. *Innes* v. *Stewart*, 36 Mich. 285 ; *Re Collins*, 17 Hun. 289 ; *Equitable Life Ins. Society* v. *Stevens*, 63 N. Y. 341.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*William P. Sheffield, Jr.*, for plaintiff.
*Charles Acton Ives*, for defendant.