. LEONARD *vs.* MORRIS and others.

Where the mortgagee assigns his bond and mortgage and guarantees the collection of the debt, the assignee may make him a party to the bill of foreclosure; for the purpose of obtaining a decree over against him for the deficiency, in case the amount of such deficiency should not be collected from the mortgagor who is primarily liable therefor.

If the mortgagor, or other party who is personally liable for the deficiency in a foreclosure case, is dead, his personal representatives may be made parties to the suit; to enable the complainant to obtain a decree that the deficiency be paid out of the estate in their hands, in a due course of administration. But no decree can be made against such representatives, which will entitle the complainant to an execution against them for such deficiency, until an account of the estate of the decedent has been taken; unless they admit assets in their hands sufficient to pay such deficiency and all other debts of the decedent of an equal and of a higher class.

Where the complainant in a foreclosure suit unnecessarily makes the personal representatives of a deceased mortgagor or guarantor parties to his bill, and thereby subjects the estate to the useless expense of taking an account of its administration here, the court in its discretion may refuse to allow him the extra costs of that part of his proceedings.

The complainant in a foreclosure suit cannot make the heirs or devisees of a deceased mortgagor, or guarantor, who have no interest in the mortgaged premises, parties to his bill, for the purpose of obtaining a decree over for the deficiency, against the real estate of the decedent which has come to them by descent or devise.

No suit can be brought against heirs or devisees, to charge them with the debts of the testator or intestate, until the expiration of three years from the time of granting, letters testamentary or of administration upon his estate. And in a foreclosure bill it is impossible to comply with the provisions of the revised statutes relative to suits against heirs or devisees, so as to obtain a decree against them, or the estate of the decedent in their hands, for the deficiency.

April 6.     THE bill in this cause was filed to foreclose a mortgage executed by Morris and wife to J. Sutphen, and afterwards assigned by Sutphen to the complainant, with a covenant on the part of the assignor to guaranty its collection. Sutphen having died before the filing of the bill, the

complainant made his personal representatives and his devisees parties to the suit; for the purpose of obtaining a decree over against them, upon the covenant of the testator, in case it should happen that the whole amount of the bond and mortgage and costs of suit could not be obtained upon a sale of the mortgaged premises, or from the property of the mortgagor. The bill was taken as confessed against all the defendants, except one of the devisees of Sutphen; who was an infant and put in a general answer by his guardian ad litem. The guardian ad litem afterwards consented to a decree against the infant, upon the supposition that the bill was properly filed against the devisees and next of kin of Sutphen, as well as against his personal representatives.

*J. Rhoades*, for the complainant.

*I. O. Barker*, guardian ad litem for the infant.

THE CHANCELLOR. The 154th section of the article of the revised statutes relative to the foreclosure of mortgages in this court, (2 *R. S.* 191,) authorizes the complainant, when the mortgage debt is secured by the obligation, or other evidence of debt, of any other person besides the mortgagor, to make such person a party to the bill for the purpose of obtaining a decree against such person for the deficiency, if there should be any, after applying the proceeds of the sale of the mortgaged premises towards the satisfaction of the debt and costs. Under this statutory provision, the court has permitted an assignor, who has guarantied the collection of the mortgage by the assignee, to be made a party defendant; and has allowed the complainant to take a decree over against him for the deficiency, where such deficiency could not be recovered upon execution against the property of the mortgagor, who was primarily liable for the payment of such deficiency. And where the person who is thus secondarily liable for such deficiency is dead, I can at present see no legal objection to mak-

ing his personal repersentatives parties to the suit for the purpose of obtaining a decree against them for the payment of such deficiency out of the estate of the decedent in their hands ; to be paid in a due course of administration.   In most cases, however, it is a useless expense to make the personal representatives, even of the mortgagor, parties to the suit to foreclose the mortgage.   For no decree can be made for the payment of the deficiency out of the estate of the decedent, so as to entitle the complainant to an execution thereof in this court, until a full account of the administration of the estate has been taken ; except in those cases where the executors and administrators admit assets sufficient to pay the complainant's debt, and all other debts of an equal and of a higher class which were due by the decedent.   And where the complainant, in a mortgage case, unnecessarily brings the personal representatives of a deceased mortgagor, or guarantor, into this court, and subjects the estate of the decedent to the extra expense of taking an account of the administration here, instead of waiting until the deficiency is ascertained and then calling such representatives to account before the surrogate, if necessary, it may be a proper case for the court to refuse to the complainant his extra costs of taking the account of the administration of the estate in this court, subsequent to the decree of foreclosure.

Admitting that it may be proper to make the personal representatives of a deceased mortgagor or guarantor parties to a bill of foreclosure, where it is probable there may be a deficiency, there is no case in which it is allowable to make heirs or devisees who have no interest in the mortgaged premises parties to a bill of foreclosure ; with a view to reach the estate descended or devised to them, to satisfy an anticipated deficiency upon the sale of the mortgaged premises.   To authorize the filing of a bill against heirs or devisees, to obtain satisfaction of a debt which is not a specific lien upon the estate descended or devised to them, the complainant must show by his bill that the personal estate of the decedent was not sufficient to pay the

debt, or that the complainant has actually exhausted his remedy against the personal estate and the personal representatives and next of kin, &c. (2 *R. S.* 452, § 33. *Idem,* 455, § 56.) And it is impossible to do this as to the deficiency in a mortgage case, where at the time of filing the bill to foreclose the mortgage it cannot be known that there will be any deficiency whatever. In proceedings against heirs or devisees the statute also requires the complainant to state in his bill, with convenient certainty, the real estate descended or devised. (2 *R. S.* 454, § 44. *Idem,* 456, § 60.) Again; the revised statutes have prohibited the bringing of any suit against heirs or devisees of any real estate, in order to charge them with a debt of the testator or intestate, within three years from the time of granting letters testamentary or of administration upon his estate. (2 *R. S.* 109, § 53. *Butts* v. *Genung,* 5 *Paige's Rep.* 256.) And it appears upon the face of this bill that it was filed within three years after the granting of letters of administration upon the estate of Sutphen; as those letters were not granted until January, 1838, and this bill appears to have been filed in November, 1840. The guardian ad litem of the infant defendant, therefore, instead of putting in a general answer and consenting to a decree against such infant, should have raised the objection, either in his answer or by demurrer, that the bill was improperly filed against the heirs and devisees.

The bill must be dismissed as to the heirs and devisees of Sutphen; but without prejudice to the complainant's right to proceed against them by a new suit to charge them with the payment of any deficiency which may exist after the sale of the mortgaged premises, and which cannot be collected from the estate of the mortgagor or from the personal estate of Sutphen, after due proceedings had before the surrogate, &c. according to the provisions of the revised statutes. The decree, as to the personal representatives of Sutphen, will direct them to pay any deficiency which may arise, and which cannot be collected from the property of the mortgagor, out of the personal estate which

has come to their hands, in a due course of administration ; with liberty to the complainant to apply for further directions as against such personal representatives, or to cite them to account before the surrogate as he shall be advised.