THE EQUITABLE LIFE INSURANCE SOCIETY OF THE UNITED STATES, Respondent, v. PHEBE STEVENS et al., Appellants.

63   341
135   278

Under the provisions of the Revised Statutes (2 R. S., 199, § 153) prohibiting an action at law, unless authorized by the court, to recover a debt secured by a mortgage during the pendency of an action to foreclose the mortgage, or "after a decree rendered thereon," the court is not absolutely bound to grant an application for leave to commence an action to recover a deficiency arising upon a sale under a judgment in a foreclosure suit wherein no provision was made for a deficiency, but may, in the exercise of a sound discretion, grant or refuse it, in accordance with the equities of the case.

It seems, that where the mortgagee has voluntarily refrained from asking a decree for any deficiency, some satisfactory reason should be assigned for permitting him to institute a separate action at law for its recovery.

An action, the complaint wherein asks for the sale of mortgaged premises and the payment of the mortgage out of the proceeds, is an action "for the satisfaction of a mortgage," within the meaning of said statute (§ 152). The mere omission to demand judgment for a deficiency does not convert it into a strict foreclosure.

In an order of Special Term granting an application for leave to sue for a deficiency, it was stated that it was granted "solely on the ground that the court had no power or authority to deny the same." By the order of the General Term this was "in all things affirmed." Held, that this was

presumptively an affirmance, in all respects, of the decision of the Special Term, and in the absence of any thing in the case showing that the General Term exercised its discretion and affirmed the order upon the merits, the question as to the power of the court was presented, and was reviewable here.

(Argued November 23, 1875; decided December 7, 1875.)

Appeal from order of the General Term of the Court of Common Pleas for the city and county of New York, affirming an order of Special Term granting a motion for leave to bring an action upon a bond.

The bond in question was executed by defendants' testator, together with a mortgage upon real estate in New York city, to secure the same. An action was brought to foreclose the mortgage. The complaint asked for a sale of the mortgaged premises and payment of the mortgage out of the proceeds. No judgment for a deficiency was asked for. A judgment was perfected therein, in which no provision was made for any deficiency. The premises were sold under the judgment and bid in by the plaintiff for a less sum than the amount of the bond and interest, and this application was made for leave to bring an action to recover the deficiency. In the order of Special Term it was stated that the application was granted " solely on the ground that the court has no power or authority to deny the same." The order of the General Term stated that the order appealed from was " in all things affirmed." Further facts appear in the opinion.

*Samuel Hand* for the appellants. The order was appealable. (*Russell* v. *Conn*, 20 N. Y., 81; *In re Duff*, 41 How., 35; *Tilton* v. *Beecher*, 10 Alb. L. J., 374; 46 N. Y., 604.) The court below had power to grant plaintiff permission to sue for the deficiency, and the order of the Special and General Terms should be reversed. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 415; 2 R. S., 199, § 153; *Benton* v. *Wickwire*, 54 N. Y., 226; *Johnson* v. *H. R. R. R. Co.*, 49 id., 455; *McCluskey* v. *Cromwell*, 11 id., 601; *Purdy* v. *People*, 4 Hill, 397, 403; Story, Const., § 392; *Lamond* v. *Eiffe*, 3 Q.

B., 910; *Everett* v. *Mills*, 4 Scott [N. C.], 531; *Bidwell* v. *Ins. Co.*, 16 N. Y., 263; *Barlow* v. *Scott*, 24 id., 40; *Worrall* v. *Munn*, 38 id., 137; *King* v. *Baldwin*, 17 J. R., 384; *Armstrong* v. *Gilchrist*, 2 J. Cas., 424.)   A party may waive in civil cases a constitutional provision. (*Phyfe* v. *Elmer*, 45 N. Y., 102; *Embury* v. *Conner*, 3 Comst., 511; *Barlow* v. *Scott*, 24 N. Y., 40; Const. 1846, art. 4 § 2.)   Plaintiff waived his constitutional right to a trial by jury on his bond by choosing to foreclose the mortgage in a court of equity. (*West Point Foundry* v. *Reymert*, 45 N. Y., 703; *Greason* v. *Keteltas*, 17 id., 491; *Lee* v. *Tillotson*, 24 Wend., 337; *Van Hook* v. *Whitlock*, 26 id., 43.)

*D. D. Lord* for the respondent. The order was not appealable. (Code, § 11; *Tracy* v. *Altmyer*, 46 N. Y., 600; 2 R. S., 199, § 153.)   Plaintiff's right to proceed at law was not cut off by its resort to chancery. (2 R. S., 199, §§ 155, 156; Const. 1822, art. 7, § 2; Const. 1846, art. 1, § 2; R. S., pt. 1, chap. 4, § 8.)

Rapallo, J.  We think the order of the General Term appealable to this court. The order made at Special Term declares that the application of the plaintiff is granted " solely on the ground that the court has no power or authority to deny the same." By the order of the General Term that of the Special Term is " in all things affirmed." This upon its face purports to be an affirmance in all respects of the decision made at Special Term. There is nothing in the case showing that the General Term exercised its discretion upon equities of the application, and affirmed the order upon the merits. So far as the opinions delivered at General Term throw any light upon the subject, they rebut any presumption to that effect, inasmuch as of the three judges who rendered the decision at General Term, one was of opinion that upon the merits the order made at Special Term should be modified, and another that it should be reversed. Yet the order of the General Term was for affirmance. We must

therefore hold that the record before us presents the question whether the court below possessed discretionary power in the matter, or whether the order was one which it was absolutely bound to grant, and had no authority to refuse. That the question of the power of the court below is one of law, reviewable in this court, has been repeatedly adjudged.

The language of the statute in pursuance of which the application is made, is plain and intelligible, and unless sufficient reasons can be assigned for rejecting a literal interpretation of it, the power and duty of the court to take into consideration the circumstances and equities of the case, and exercise a sound discretion in granting or refusing the application, would seem very clear. It provides : First, that when a bill shall be filed for the satisfaction of a mortgage the court shall have power to decree the payment by the mortgagor of any deficiency that may remain after a sale of the mortgaged premises, etc., and to issue execution, etc. ; and secondly, that "after such bill shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the Court of Chancery." (2 R. S., 191, §§ 152, 153.)

That the effect of these provisions is to confine the mortgagee to his remedy in the foreclosure suit for the recovery of the deficiency, unless he obtains leave of the court to institute or prosecute a separate proceeding at law, for its collection, is obvious, and the policy of the statute in prohibiting such separate proceedings is equally patent. Before the Revised Statutes, no decree for a deficiency could be rendered in a foreclosure suit. (*Dunkley* v. *Van Buren*, 3 J. Ch., 330.) The court could only decree a sale of the mortgaged premises and the application of the proceeds to the payment of the debt secured by the mortgage. A separate suit at law upon the bond was necessary for the recovery of the deficiency where one arose, and the creditor had the right to institute proceedings at law upon the bond, even during the pendency of the foreclosure suit. (*Jones* v. *Conde*, 6 J. Ch., 77.) The

debtor was thus subjected to a double litigation. The provisions of the Revised Statutes now in question were enacted for the express purpose of abolishing this oppressive course of proceeding. Power was thereby given to the court of equity to afford complete relief in mortgage cases, and the general rule was established, that when a mortgagee filed his bill in equity he debarred himself from proceeding at law, either before or after decree. But as cases might arise in which a resort to an action at law would be necessary, power was conferred upon the court to permit such a proceeding. So far, however, from its being made compulsory on the court to grant such permission in all cases, the general rule was against it, and special circumstances must be shown to justify a separate proceeding at law. (*Engle* v. *Underhill*, 3 Edw. Ch., 250; *Suydam* v. *Bartle*, 9 Paige, 294.) And it was remarked by Chancellor Walworth in the case last cited, that " where it is evident that the complainant could have had a perfect remedy against all persons who were liable for the payment of the debt by a decree over against them for the deficiency, if he had chosen to make them parties to his foreclosure suit, it might not be a proper exercise of discretion for the Court of Chancery to permit any further proceedings to be had in the action at law after the filing of the bill of foreclosure." The cases cited arose before decree in the foreclosure suit, but the reasoning is equally applicable where the application for leave to sue is made after decree. One object of the statute was to compel the creditor to elect his tribunal, and to protect the mortgagor from the unnecessary expenses of proceedings in more than one tribunal (Revisers' note to § 152; 5 Edm. Stat., 666), and where the mortgagee has voluntarily refrained from asking a decree for the deficiency, which he might have had in his foreclosure suit, some satisfactory reason should be assigned for permitting him to institute a separate action at law for its recovery.

The assumption that the proceeding at law is prevented by the court of equity is erroneous. It is prohibited by the statute. Power is given to the court in proper cases to relax

that prohibition; but when called upon to do so, the court should be governed by principles of equity in granting or refusing the application.

I am unable to discover any satisfactory answer to the suggestion contained in the dissenting opinion of Judge J. F. Daly at General Term, that if the intent of the statute was that the right of the obligee to sue at law should be absolute, the application to the court is an idle ceremony, and the statute would have provided that in all cases of deficiency, instead of taking a decree in the foreclosure suit, the plaintiff might, at his own election, sue at law upon the bond. Such is in substance the effect of the construction given to the statute by the order entered at Special Term. It deprives the mortgagor of all the protection which it was the intention of the statute to afford him, even against double costs, and if that construction is sound, all that a mortgagee has to do, who desires to collect double costs, is to omit from his complaint a prayer for judgment for deficiency, and after the sale apply for leave to sue the bond. The court has no power to deny his application, and the statute is deprived of all effect.

Other and more important considerations render such a construction inadmissible. When a good excuse was given for not having pursued the usual course, and the relief asked for was just and equitable, the question of costs might be regulated by imposing proper conditions, but it is not difficult to see that cases might arise in which leave to sue upon the bond should not be granted upon any terms. The mortgagee may have so acted as to induce the party liable for the deficiency to refrain from protecting the property at the sale, and the property, though amply sufficient to pay the mortgage debt, may have been bought in by the mortgagee for a trifling sum. Other circumstances might exist which would be sufficient to induce the court to withhold its leave to sue upon the bond.

It is contended, on the part of the respondent, that to permit the court to exercise its discretion in the matter, or to refuse leave to sue, under any circumstances, would deprive

the obligee of his constitutional right to a trial by jury of an action upon the bond. This objection strikes us as without foundation. If in the foreclosure suit a personal judgment is demanded, and the defendant's liability is contested, the right to a trial by jury upon that question, if it exists, can be fully protected by the court. But independently of that consideration, if the plaintiff desires a trial by jury, he can sue upon the bond in an action at law, the only consequence being that, if he elects that course, and proceed to judgment, he cannot proceed with the foreclosure in equity until after the return of an execution in the action at law. (2 R. S., 192, § 156.) If the consequence of his electing to go into equity in the first instance is to compel him to submit all his rights in the matter to adjudication according to the forms of equity, the constitutional provision is not contravened, for the loss of the trial by jury is the result of his own act. He was competent to waive a trial by jury. He was not compelled to resort to equity, nor had he any constitutional rights to pursue both remedies. It was perfectly competent for the legislature to provide that a resort to equity should be a waiver of the rights of trial by jury, so long as it did not deprive him of his election to sue at law.

It is also urged that the statute applies only to actions for the *satisfaction* of a mortgage, and not to actions for *foreclosure*. If the present one were an action to which the statute was inapplicable, then there was no occasion for the order, and the court had no power or authority to grant it. But we think that it was an action for the satisfaction of the mortgage, within the meaning of the statute. The complainant sought a sale of the premises, and the payment of the mortgage out of the proceeds. It was not a strict foreclosure, for the purpose merely of cutting off some outstanding equity, and making the title to the land absolute in the mortgagee. The mere omission to demand judgment for a deficiency did not convert it into a strict foreclosure. If there had been such a demand, the application now made would have been wholly unnecessary.

We think the court below should have entertained the application, and considered and passed upon the equities and merits of the case, and that the present order should be reversed, and the case remanded for rehearing at Special Term.

All concur.

Order reversed, and ordered accordingly.