ROBERT v. KIDANSKY.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. MORTGAGES—FORECLOSURE—DEFICIENCY—ACTION TO RECOVER—LEAVE OF COURT TO SUE.

Under Code Civ. Proc. § 1628, providing that while an action to foreclose a mortgage on real property is pending, or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought, and section 1627, subd. 1, providing that any person who is liable to the plaintiff for the payment of a debt secured by a mortgage may be made a defendant in an action to foreclose the same, an action against an assignor of a bond and mortgage guarantying "the collection" thereof, to recover the amount of a deficiency judgment entered on a foreclosure of such mortgage, cannot be commenced by the assignee without leave of court.

2. SAME—PARTIES.

Code Civ. Proc. § 1627, subd. 1, providing that any·person who is liable to the plaintiff for "the payment" of a debt secured by a mortgage may be made a defendant in an action to foreclose such mortgage, applies to an assignor of a bond and mortgage guarantying "the collection" thereof.

Appeal from Trial Term, New York County.

Action by Francis B. Robert against David Kidansky. From a judgment dismissing the complaint, and from an order denying his motion for a new trial, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, aud HOUGHTON, JJ.

E. L. Mooney, for appellant.
J. Frankenheimer, for respondent.

PATTERSON, J. On the trial of this action the defendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the motion was granted. The plaintiff sought to recover a sum of money, being the amount of a deficiency upon the sale of certain mortgaged premises. It is alleged in

the complaint that on the 21st of April, 1894, Phillip Does made and delivered to the defendants Kidansky and Sugarman an indenture of mortgage to secure the payment of $6,000 with interest, such mortgage being collateral to a bond therein described made by the same parties; that the defendants on the 18th of May, 1894, assigned the bond and mortgage to the plaintiff and " in and by the said assignment for a good and valuable consideration thereby guarantied to the plaintiff, in writing, the collection of the said bond and mortgage." It is further alleged in the complaint that Does failed to perform the condition of the bond and mortgage by not paying the interest which became due and payable in October, 1894, and, thereupon, in February, 1895, a foreclosure suit was brought, and on the 6th of June, 1895, a decree of foreclosure and sale was entered, and on the 9th of August, 1895, the premises were sold at public auction for $1,500; and that, after deducting the expenses of the foreclosure, a deficiency remained of $5,488.72; that, judgment for such deficiency was entered, and an execution issued against Does in October, 1895, was returned wholly unsatisfied; that Does is insolvent; that all that was collected on the mortgage was $985; and that the plaintiff is still the owner and holder of the bond and mortgage.

The specific ground upon which the complaint was dismissed is that it fails to state facts sufficient to constitute a cause of action, inasmuch as it contains no allegation that leave of the court was granted to sue for this deficiency. The action is plainly brought to recover a part of a mortgage debt ascertained to be, and adjusted at, the amount of the deficiency. By section 1628 of the Code of Civil Procedure it is enacted that:

"While an action to foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought."

By subdivision 1 of section 1627 of that Code it is provided that:

"Any person who is liable to the plaintiff for the payment of the debt secured by the mortgage may be made a defendant in the action."

It being alleged in the complaint that the present defendants were guarantors of the collection of the bond and mortgage, we think it is undeniable that they would have been proper parties to the foreclosure suit; and that the plaintiff, by making them parties thereto, could have recovered a final judgment against them for a deficiency. Under the Revised Statutes an assignee of a bond and mortgage might make the assignor who guarantied the collection thereof a party, in order to obtain a decree over against him for a deficiency in case it could not be collected by execution against the mortgagor, and the final judgment could so provide. Leonard v. Morris, 9 Paige, 90; Luce v. Hinds, 1 Clarke Ch. 453.

We are unable to see that any radical change in this respect has been made by the enactment of the Code of Civil Procedure. It still remains the obvious policy of the law to have brought into a foreclosure action all parties who may be liable for the mortgage debt. That such was the rule under the Revised Statutes is declared in Vanderbilt v. Schreyer, 91 N. Y. 392. It is said in the opinion of the court in that case that:

"Previous to the enactment of section 1627 of the Code of Civil Procedure it was the settled practice of courts of equity to bring all parties who were in any way liable for the payment of the mortgage debt, or any part thereof, and whether liable upon an absolute or conditional undertaking, into the same foreclosure action and decree payment of any deficiency arising on a sale of the mortgaged premises, against any of the parties appearing to be liable therefor, according to the nature and circumstances of such liability. The principle that such person, whether liable conditionally or absolutely, may be sued and made liable for any deficiency in an action to foreclose the mortgage is laid down in the works on chancery practice and sustained by numerous cases. See 2 Hoffman's Ch. Pr. 141, 142; 2 Barb. Ch. Pr. 175, 176; Leonard v. Morris, 9 Paige, 90; Suydam v. Bartle, 9 Paige, 294; Curtis v. Tyler and Allen, 9 Paige, 432; Griffith v. Robertson, 15 Hun, 344; Scofield v. Doscher, 72 N. Y. 491."

It has thus been decided that under the Revised Statutes a person might be made a party defendant in foreclosure who guarantied either the payment or the collection of the mortgage. Section 154, 2 Rev. St. p. 191, reads as follows:

"If the mortgage debt be secured by the obligation, or other evidence of debt hereafter executed, of any other person besides the mortgagor, the complainant may make such person a party to the bill, and the court may decree payment of the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases."

Section 153 provided that:

"After such bill [for foreclosure] shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgagor or any part thereof, unless authorized by the court of chancery."

It will be seen that the language of the provision of section 154 of the Revised Statutes above quoted appears to be permissive as to making a person (other than the mortgagor) who is liable for the debt, a party, as does also that of section 1627 of the Code of Civil Procedure. In Vanderbilt v. Schreyer, supra, the court said that the scheme of the provisions of the Revised Statutes is to prevent oppressive litigation by the multiplication of actions against the several persons who may be liable for the same mortgage debt, and to require all of the parties interested in its payment to be brought into the same suit and thus settle their respective liabilities in one comprehensive action.

We are unable to perceive, as said before, that under the Code any change in the policy of the law in that regard has been operated. The defendants could have been made parties to the foreclosure action, and the failure of the plaintiff to make them such should not operate to their detriment. It is claimed, however, by the appellant, that the provision of section 1627 of the Code of Civil Procedure under consideration refers only to any person who is liable for the payment of the debt secured by the mortgage, and that it appears from the complaint in this action that the defendant only assumed responsibility for the collection of the mortgage debt. There is some difference between the phraseology of this section of the Code and the language of section 154 of the Revised Statutes. In construing the provision of the Revised Statutes, the court held that it was immaterial whether the guaranty was one of payment or collection, that liability for the mortgage debt was imposed upon either, that such liability was not to be assimilated to that

of guarantors of commercial paper or other securities, and that the principles applicable to actions upon such securities do not apply to actions for the foreclosure of mortgages. Vanderbilt v. Schreyer, supra. The words of the Revised Statutes relate to "all who are under obligation to pay the mortgage debt or any part thereof, whether such obligation be absolute or conditional." The words "liable for the mortgage debt," in the Code provision, are equivalent to the words "obligation to pay the mortgage debt" in the Revised Statutes. In Reichert v. Stilwell, 172 N. Y. 89, 64 N. E. 792, it is said:

"The Revised Statutes authorized the court in an action of foreclosure to render judgment against the person liable for the mortgage debt for any deficiency that may remain after selling the land and applying the proceeds."

A party liable is one who may be held responsible either directly or conditionally. Liability is predicable of a contingent obligation as well as one matured and fixed. A guarantor of the collection of a mortgage assumes the responsibility of the payment of that mortgage out of the security given upon the land, and collection is made through an action of foreclosure. In the present case, collection of the mortgage is guarantied; that collection was attempted by a foreclosure action which is "not in action to recover the mortgage debt from the mortgagor personally, but to collect it out of the land by enforcing the lien of the mortgage." Reichert v. Stilwell, 172 N. Y. 88, 64 N. E. 792. The defendants' guaranty contemplated the foreclosure of the mortgage as a proceeding for the collection, satisfaction, and discharge which is the equivalent of payment of the debt, and they became thus liable for the payment of so much of that debt as was not realized on foreclosure.

The case of Comstock v. Drohan, 71 N. Y. 9, which seems to be relied upon by the appellant, is not in point. It was held that under the facts of that case the provision of the Revised Statutes requiring leave of the court to sue for the recovery of a debt secured by a mortgage, after a decree had been entered in a foreclosure action, had no application, because the statute related only to the holder of a mortgage "who may and should enforce his claim for a deficiency in the foreclosure suit." In that case the plaintiff was not the holder of the mortgage. Here, he is.

The judgment and order appealed from should be affirmed, with costs. All concur.