DARMSTADT et al. v. MANSON et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

MORTGAGES (§ 561*)—FORECLOSURE—JUDGMENT—DEFICIENCY.

Where plaintiff, in foreclosure, recovered a judgment which made no provision for a deficiency, and elected to sell the premises, which brought much less than their real value, and an insufficient amount to pay the judgment and costs, plaintiff, two years after the sale, was not entitled to leave to sue for the deficiency the obligors on a bond given in connection with the mortgage, under Code Civ. Proc. § 1628, providing that while an action to foreclose a mortgage is pending, or after final judgment for plaintiff therein, no other action shall be commenced to recover the debt without leave of court in which the former action was brought.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1617; Dec. Dig. § 561.*]

Appeal from Special Term, Kings County.

Action by Frank Darmstadt and another against Morris Manson and others. From an order granting plaintiff leave to continue an action on a bond to recover a deficiency after foreclosure of a mortgage, defendants Morris Manson and George Jacobson appeal. Reversed, and motion denied.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Henry Hetkin, for appellants.
A. P. Bachman, for respondents.

WOODWARD, J. The defendants in this action were the obligors in a certain bond given in connection with a mortgage. The plaintiffs brought an action for the foreclosure of the mortgage, asking for a deficiency judgment. Each of the defendants was served personally within this state, and the appealing defendants, Morris Manson and George Jacobson, neither appeared, answered, nor demurred. Newman Dube, the third defendant, appeared nominally in the action, and the same proceeded to judgment. When the judgment was entered, it made no provision whatever for a deficiency, and in due course of time the premises covered by the mortgage were sold for $500, or much less, it appears, than their real value; none of the defendants feeling that they were called upon to protect themselves at the sale. ·

Subsequently the plaintiffs brought the present action to recover the amount of the deficiency from the bondsmen, failing to allege, under the provisions of section 1628 of the Code of Civil Procedure, that the permission of the court had been granted to bring such action. Defendants demurred to the amended complaint, on the ground

that the facts stated were not sufficient to constitute a cause of action, and the demurrer was sustained. The plaintiffs paid the costs and pleaded over, the court granting an order giving permission nunc pro tunc to bring the action, upon condition that the plaintiffs enter into a stipulation to give credit upon the judgment for the amount of the costs involved in the action up to the time of granting the order. The defendants Manson and Jacobson appeal from this order.

It is contended that the premises involved in the foreclosure action were worth enough to have met all of the charges against them. The defendants, whether they knew of the judgment of foreclosure or not, had no real or apparent interest in the sale of the premises, since the plaintiffs, by failing to proceed in the usual way, through no fault of the defendants, took the risk of selling under the judgment which they had procured. As this did not require the defendants to protect themselves against deficiency by bidding upon the property or otherwise, it would seem to be unjust to permit them now to come in and sue upon the bond. It has been universally held that section 1628 of the Code of Civil Procedure confers no absolute right upon a plaintiff to sue separately, after a foreclosure, a person liable for the mortgage debt, and who might have been made a party to the foreclosure action, but that the right to do so should be granted only when satisfactory reasons are shown why the personal liability was not prosecuted in the foreclosure suit itself. It was pointed out by Judge Rapallo in Equitable Life Ins. Society v. Stevens, 63 N. Y. 341, 345, that under the Revised Statutes, "so far * * * from its being made compulsory on the court to grant such permission in all cases, the general rule was against it, and special circumstances must be shown to justify a separate proceeding at law." And in Scofield v. Doscher, 72 N. Y. 491, it was said that the "aim of the statute is to dispose of the matter in one proceeding."

We find in the record no special reasons given why the defendants, two years after the premises had been sold under a judgment which might have charged them with liability for a deficiency and required them at that time to protect themselves against a sale of the property for less than the liens against it, should now be called upon to answer in an action at law for a recovery upon the bond. The plaintiffs, by their own neglect, have placed the defendants in a different position than they would have occupied two years before—in a position which the plaintiffs cannot, in the nature of things, restore; and, having elected to stand upon their judgment and to sell the premises, it would be unjust to these defendants to permit this action. They have no defense. They would simply be called upon to pay the deficiency to the full extent of their obligation in the bond, even though the plaintiffs themselves may have purchased the premises at practically a nominal figure. In other words, where a plaintiff travels outside of the usual course of the law, to the prejudice of the rights of the defendant, he ought not to be permitted to avail himself of special provisions resting in the discretion of the court; and, the discretion being the discretion of the Supreme Court, we have no hesitation in saying that the order appealed from should be reversed, and

that the election of the plaintiffs to rely upon the premises for their debt cannot be withdrawn to the prejudice of those who have been lured into inactivity by the conduct of the plaintiffs.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.