### HOCHSTEIN v. SCHLANGER et al.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

1. MORTGAGES (§ 435*)—FORECLOSURE—COLLATERAL SECURITY—DEFICIENCY DECREE.

Code Civ. Proc. § 1627, subd. 1, which provides that any person who is liable for the debt secured by a mortgage may be joined as a defendant in foreclosure, and be charged for any deficiency, is intended to avoid a multiplicity of suits, and as under section 1628, which provides that, pending action to foreclose or after final judgment for the plaintiff, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court, the right to sue a surety on a bond given to secure a portion of the mortgage debt after a judgment of foreclosure would depend upon the pleasure of the court, such a surety was properly joined in the original action.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1288; Dec. Dig. § 435.*]

2. MORTGAGES (§ 559*)—FORECLOSURE—DEFICIENCY DECREE—PRAYER.

Though, in a complaint to foreclose a mortgage and to charge a surety on a bond given to secure part of the mortgage debt, the prayer erroneously asked for a separate judgment against the surety, where the complaint stated facts which entitled the plaintiff to a deficiency judgment, the erroneous prayer will not preclude its entry.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1592, 1600–1608; Dec. Dig. § 559.*]

McLaughlin and Dowling, JJ., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Anna Hochstein against Solomon Schlanger and others. From a judgment for plaintiff, Solomon Schlanger appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Meyer Levy, for appellant.
Henry J. Block, for respondent.

SCOTT, J. The action is to foreclose an overdue mortgage for $9,000. The defendant Schlanger demurs for misjoinder of causes of action and for general insufficiency.

[1] The allegations of the complaint affecting said defendant and numbered tenth and eleventh read as follows:

"Tenth. That the defendant Solomon Schlanger had on or about the 7th day of May, 1909, executed and delivered unto the plaintiff herein an agreement in writing and sealed with his seal, dated on that day, wherein and whereby the said Solomon Schlanger did firmly and jointly bind himself, his heirs, executors, and administrators in the sum of one thousand ($1,000) dollars to be paid unto the plaintiff herein, which agreement should be void if the defendant Samuel Leder, his heirs, executors, administrators, or assigns, shall pay or cause to be paid unto the plaintiff herein, the sum of nine thousand ($9,000) dollars, which was the remaining unpaid balance on the 7th day of May, 1909, on the bond and mortgage held by the plaintiff herein, together with the interest thereon at and after the rate of six (6%) per cent. per annum.

"Eleventh. That by the said agreement all of the covenants and conditions contained in the mortgage was made a part thereof with like force and effect as if the same was specifically set forth at length in said agreement. That said bond and mortgage became due and payable on the 27th day of August, 1910."

The demurrer is sought to be sustained by the argument that no cause of action will lie against the demurrant except one at law, and then only after all the remedies against the principal debtor have been exhausted, and there has been a failure to collect the full amount due. There can be no doubt that the bond given by the demurrant, as described in the complaint, was intended as and amounted to collateral security to the extent of one thousand dollars for the payment of the principal debt. Section 1627, subd. 1, Code of Civil Procedure, makes provision for just such a case. It provides that:

"Any person who is liable to the plaintiff for the payment of the debt secured by the mortgage may be made a defendant in the action; and if he has appeared or been personally served with the summons, the final judgment may award payment by him of the residue of the debt remaining unsatisfied, after a sale of the mortgaged property and the application of the proceeds pursuant to the direction contained thereon."

The purpose of the provision of the Code was to dispose of the entire proceeding in one action so as to avoid a multiplicity of suits. Robert v. Kidansky, 111 App. Div. 475, 97 N. Y. Supp. 913; Equitable Life Ass'n Soc. v. Stevens, 63 N. Y. 341; Scofield v. Doscher, 72 N. Y. 491. If plaintiff had failed to make Schlanger a party defendant, and waited to sue him at law after exhausting his remedy against the principal debtor and the mortgaged property, he would have been unable to sue without first obtaining the leave of the court

(section 1628, Code·Civ. Proc.; McKernan v. Robinson, 84 N. Y. 105), and might be refused such leave for the very reason that he had omitted to make Schlanger a party to the foreclosure action and had thus prevented him from protecting himself on the foreclosure sale. See Darmstadt v. Mason, 144 App. Div. 249, 128 N. Y. Supp. 992.

[2] It is true that plaintiff erroneously asks in his prayer for relief for a separate judgment against Schlanger for the amount of his bond. What he is entitled to is a judgment for any deficiency, not exceeding $1,000, that there may be found to be after the plaintiff's remedies upon the bond and mortgage are exhausted, but a merely erroneous prayer for relief does not condemn a complaint, if it states facts entitling the plaintiff to any relief at all, for the court will mold its judgment to fit the facts of the case, and conserve the rights of the parties.

The order appealed from is right, and must be affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and CLARKE, J., concur.

McLAUGHLIN, J. (dissenting). This action is brought to foreclose a mortgage upon real estate. At the time it was commenced there was due upon the bond, the payment of which the mortgage was given to secure, the sum of $9,000, besides interest, taxes, water rents, etc., amounting to about $1,200 additional. The only allegations of the complaint relating to the appellant Schlanger are those contained in the tenth and eleventh paragraphs. The tenth paragraph alleges that on the 7th of May, 1909, Schlanger entered into an agreement with the plaintiff, under seal, by which he bound himself, his heirs, executors, and administrators in the sum of $1,000 "to be paid unto the plaintiff herein, which agreement should be void if the defendant Samuel Leder, his heirs, executors, administrators or assigns should pay, or cause to be paid unto the plaintiff herein, the sum of nine thousand ($9,000) dollars which was the remaining unpaid balance on the 7th day of May, 1909, on the bond and mortgage held by the plaintiff herein, together with the interest." The eleventh paragraph recites that by the said agreement all of the covenants and conditions contained in the mortgage were made a part thereof with like force and effect as if the same were specifically set forth at length in the agreement. The complaint contains the usual prayer for the sale of the mortgaged premises, and, if the proceeds of the sale were not sufficient to pay the entire debt, then for a deficiency judgment against the defendant Leder. Schlanger demurred to the complaint upon two grounds: (a) That causes of action were improperly united, in that a cause of action in equity for the foreclosure of a mortgage was united with a separate and distinct cause of action at law to recover a sum of money; that the equity action affected all of the defendants except himself and that the action at law affected only him; (b) that the complaint did not state facts sufficient to constitute a cause of action against him. After the demurrer had been interposed, the plaintiff moved on the pleadings for judgment against Schlanger. The motion was granted, and Schlanger appeals.

I am of the opinion that the order should be reversed, because:

First. The alleged claim for $1,000 against Schlanger, as pleaded, is not of the character which under section 1627 of the Code of Civil Procedure enables the plaintiff to make him a party defendant. This section of the Code provides that:

"Any person who is liable to the plaintiff for the payment of the debt secured by the mortgage may be made a defendant in the action. * * * "

To enable the plaintiff to make Schlanger a party defendant, it was incumbent upon him by a proper allegation of the complaint to show that he in some way had become obligated to pay, either the whole or a part of the mortgage debt. The facts, as pleaded, do not so show. The agreement is under seal and a consideration is presumed, but, giving to it all the force that can be from the language used, as I read it, it is that Schlanger will pay $1,000 in case Leder fails to pay the $9,000; that is, the full amount due. If such payment be made, then the agreement is to be void. The fact that there is to be read into the agreement all the covenants and conditions contained in the mortgage does not change it, because they simply apply to Leder. It nowhere appears by any allegation of fact that the $1,000 to be paid by Schlanger is to be applied towards the reduction of the mortgage debt, or that he in any way assumed or agreed to pay such debt, or any part of it; on the contrary, his agreement is to pay the $1,000 if Leder fails to pay the $9,000—that is, the mortgage debt. The obligation to pay the $1,000 is a separate and independent agreement and the obligation to pay is separate and distinct from the mortgage debt and in no way dependent upon it, except Leder's failure to pay. This not only appears from the facts pleaded, but also from the judgment demanded, as well as the judgment directed. The judgment demanded against Leder is that the mortgage be foreclosed, the property sold, and that the plaintiff have judgment for deficiency, if any, against him. A judgment for deficiency is not asked against Schlanger; on the contrary, the only judgment asked against him is for the $1,000 specified in the agreement, and this is the judgment which the order appealed from gives. If this view be correct, then two causes of action are improperly united, one an action in equity to foreclose a mortgage upon real estate, and the other an action at law upon an express agreement to pay a sum of money. The court at Special Term, in ordering judgment for the plaintiff on the pleadings, as appears from the opinion delivered, relied upon Robert v. Kidansky, 111 App. Div. 475, 97 N. Y. Supp. 913, and Morrison v. Slater, 128 App. Div. 467, 112 N. Y. Supp. 855. Either of these authorities, as I read them, is in point. In the Robert Case the plaintiff sought to recover a sum of money, being the amount of deficiency on the sale of certain mortgaged premises. The complaint alleged that the defendant assigned the bond and mortgage in question to the plaintiff and "in and by the said assignment for a good and valuable consideration, thereby guaranteed to the plaintiff in writing the collection of the said bond and mortgage." The Morrison Case simply held that where parties, who, on the assignment of a mortgage, guaranteed the payment of the mortgage debt, while not necessary parties to a foreclosure, are proper parties, as they may be held for a deficiency on the sale.

In the case now before us there are no facts pleaded showing that Schlanger promised to pay the mortgage debt, or any part of it, or any deficiency. He is not therefore, as it seems to me, a proper party defendant under the section of the Code referred to.

Second. Because the complaint does not state facts sufficient to constitute a cause of action against him, in that it contains no allegation that he has failed to pay the $1,000. Krower v. Reynolds, 99 N. Y. 245, 1 N. E. 775; Lent v. N. Y. & M. R. Co., 130 N. Y. 504, 29 N. E. 988; Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, 2 Ann. Cas. 740; Bremer v. Ring, 146 App. Div. 724, 131 N. Y. Supp. 487. But it is suggested—not by counsel—that the recovery against him can be sustained, inasmuch as the terms and conditions of the mortgage were a part of the agreement, and that he, in effect, thereby assumed and agreed to pay $1,000 of the mortgage debt. But, if his agreement be thus treated, which I do not think it should be, that does not aid the respondents, because in that case in order to state a cause of action against him plaintiffs had to allege nonpayment.

In Krower v. Reynolds, supra, which was an action on a covenant to pay a mortgage, Judge Andrews, speaking for the court, said:

"The complaint does not contain the averments necessary to a complete cause of action on the covenant. It alleges the making and the consideration of the covenant and that the defendant thereby became liable to pay the mortgage. But there is no breach alleged. This was necessary."

As I read the agreement, it is to pay a specified sum of money if Leder failed to pay; in other words, an agreement for the payment of money under certain conditions, and, if this be the effect of it, then nonpayment had to be alleged.

In Lent v. N. Y. & M. R. Co., supra, it was said:

"It does not admit of controversy that, upon an ordinary contract for the payment of money, nonpayment is a fact which constitutes the breach of the contract and is the essence of the cause of action, and, being such within the rule of the Code, it should be alleged in the complaint."

And to the same effect is Conkling v. Weatherwax, supra, where it was said:

"In an action upon contract for the payment of money only, where the complaint does not allege a balance due over and above all payments made, it is sufficient for the plaintiff to allege and prove a breach of the obligation by the nonpayment thereof when it matured."

In Bremer v. Ring, supra, recently decided by this court, it was said that in an action on contract to recover a sum of money only "the authorities uniformly hold that it is necessary for the plaintiff in such an action to allege nonpayment." The complaint here under consideration will be searched in vain for the statement of any fact showing nonpayment by Schlanger, or the statement of any fact from which that can be inferred.

Upon both grounds, therefore, I think the order appealed from should be reversed, the motion denied, and the demurrer sustained.

DOWLING, J., concurs.