(169 App. Div. 574)

BAEHR et al. v. SMITH et al. (No. 7793.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

MORTGAGES ⬤⇒495—FORECLOSURE—JUDGMENT—AMENDMENT NUNC PRO TUNC.
Where plaintiff, in an action to foreclose a mortgage, took judgment of foreclosure against the defendants, without any provision for personal judgment for any balance due, and the property was sold, leaving a deficiency, and after the time in which defendants could appeal plaintiff procured a nunc pro tunc order to amend the judgment entry by inserting the provision making the defendants personally liable, the entry was error, since it prejudiced the right of defendants to protect themselves against the personal judgment.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1446–1456; Dec. Dig. ⬤⇒495.]

Appeal from Special Term, New York County.

Action by Minnie Dreyer Baehr and another against Sarah A. Smith and others. From an order granting a motion to amend the judgment, and from the judgment entered thereon, defendant named appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Benjamin Reass, of Brooklyn, for appellant.
Monroe Goldwater, of New York City, for respondents.

McLAUGHLIN, J. Action to foreclose a mortgage upon certain real estate in the city of New York. The usual judgment was demanded, and that the appellant be adjudged to pay any deficiency which might remain after applying the proceeds derived from the sale towards the payment of the mortgage debt. The appellant interposed an answer, in which she alleged that prior to the commencement of the action the plaintiffs agreed, in consideration of her and her husband giving to them a warranty deed, to accept the same in lieu of a foreclosure and sale; that she at all times thereafter was ready to perform her part of the agreement, and the plaintiffs were so informed, but notwithstanding that fact they refused to do so. The issue thus raised was the only one litigated at the trial. The trial court found that the evidence did not establish the agreement and as conclusion of law that the plaintiffs were entitled, among other things, to a judgment requiring the appellant to pay any deficiency that might remain after the application of the proceeds of the sale. Upon this decision, the plaintiffs, on December 12, 1914, entered a judgment which directed the foreclosure and sale of the mortgage property; but it did not contain any provision for payment, by the appellant, of any deficiency.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The appellant was satisfied with the form of the judgment, since it in effect gave her all that she claimed by virtue of the agreement. She did not, therefore, except to the decision, or any part of it, or appeal from the judgment. Thereafter the property was sold at public auction, and the same bid in by the plaintiffs for $6,000, which left a deficiency, including costs and expenses of the sale, amounting to $4,226.85. After the appellant's time to file exceptions to the decision and to appeal from the judgment had expired, the plaintiffs made a motion to amend the judgment nunc pro tunc by inserting therein a provision to the effect that the appellant be decreed to pay any deficiency which might remain after the application of the proceeds of sale towards the payment of the mortgage debt. The motion was granted, and this appeal is from the order and from the amended judgment entered thereon.

I am of the opinion that the order and judgment should be reversed, and the motion to amend denied. The judgment, as entered, determined the rights of the parties. French v. French, 107 App. Div. 107, 94 N. Y. Supp. 1026, appeal dismissed 185 N. Y. 532, 77 N. E. 1187. It made no provision for the recovery of any deficiency from the appellant, and for this reason there was no necessity for her appealing from it, or attending the sale and protecting, as far as she could, her interest. After the property had been sold and bid in by the plaintiffs, it was too late, under the facts here presented, for them to ask that the judgment be amended so that they might take a judgment against her for the deficiency. .

The case is analogous to one where a mortgage has been foreclosed, and the property sold does not bring sufficient to discharge the debt, and the holder of the mortgage seeks to recover the balance upon a bond. Such an action cannot be maintained without leave of the court. (Code of Civil Procedure, § 1628), and special circumstances must be shown before such leave will be given (Equitable Life Ins. Co. v. Stevens, 63 N. Y. 341; Hochstein v. Schlanger, 150 App. Div. 124, 134 N. Y. Supp. 704, affirmed 208 N. Y. 513, 101 N. E. 1105; Morrison v. Slater, 128 App. Div. 467, 112 N. Y. Supp. 855).

An authority much in point is Darmstadt v. Manson, 144 App. Div. 249, 128 N. Y. Supp. 992. There the plaintiffs brought an action for the foreclosure of a mortgage, and asked in the complaint for a deficiency judgment; but the judgment entered made no provision for a deficiency. Some time after the sale of the mortgaged property the plaintiffs applied for and obtained leave to bring an action on the bond for the deficiency. In reversing the order granting plaintiffs such leave, and denying the motion, the court said:

"The defendants * * * had no real or apparent interest in the sale of the premises, since the plaintiffs, by failing to proceed in the usual way, through no fault of the defendants, took the risk of selling under the judgment which they had procured. As this did not require the defendants to protect themselves against deficiency, by bidding upon the property or otherwise, it would seem to be unjust to permit them now to come in and sue upon the bond. * * * The plaintiffs, by their own neglect, have placed the defendants in a different position from that they would have occupied two years before; in a position which the plaintiffs cannot, in the nature of things, restore, and, having elected to stand upon their judgment and to sell the premises, it would be unjust to these defendants to permit this action."

In the case before us the plaintiffs, by amending the judgment after the sale, have accomplished the very thing which the court, in the case just cited, refused to permit by an action on the bond. It would be unjust and inequitable, under the facts here presented, to permit the plaintiffs to enter a judgment for deficiency against the appellant. I think the court at Special Term improperly exercised its discretion in permitting such amendment.

The order and judgment appealed from, therefore, are reversed, with costs, and the motion to amend denied, with $10 costs and disbursements. All concur.

(169 App. Div. 580)

KOHN v. P. & D. PUB. CO. (No. 7789.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. LIBEL AND SLANDER ⊛110—ADMISSIBILITY OF EVIDENCE—TRUTH OF PUBLICATION.

In an action for libel, defendant had a right to prove plaintiff's admissions as to the truth of the alleged libelous articles, or any part of them.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 307–314; Dec. Dig. ⊛110.]

2. LIBEL AND SLANDER ⊛104—ADMISSIBILITY OF EVIDENCE—MITIGATION.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 284–291; Dec. Dig. ⊛104.]

3. APPEAL AND ERROR ⊛1031—HARMLESS ERROR.

Errors which may have deprived defendant of a substantial right cannot be overlooked on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038·4046; Dec. Dig. ⊛1031.]

Appeal from Trial Term, New York County.

