ALBANY EXCHANGE SAVINGS BANK, Plaintiff, *v.* GRACE WINNE
and Others, Defendants.

Supreme Court, Special Term, Albany County, September 9, 1938.

*Staley & Tobin* [*Ellis J. Staley* of counsel], for the plaintiff.

*Joseph Feldman,* for the defendants Samuel Feldman and Sarah Feldman.

*Joseph J. Mailloux,* for the defendants Joseph J. Mailloux and Marie Mailloux.

SCHENCK, J.   This action was brought for the foreclosure of five mortgages affecting real property in the city of Albany.   The defendants Samuel Feldman and Sarah Feldman have appeared and the issues raised by their answer have been tried.   It is conceded that the plaintiff, the original mortgagee, has the right to the entry of a judgment of foreclosure and sale, and the sole issue litigated is the right of plaintiff to a deficiency judgment against defendants Samuel Feldman and Sarah Feldman.

By assuming the mortgage to the plaintiff executed March 16, 1927, by the defendants Feldman, Jans Fredericksen and Minnie Fredericksen, as grantees of the Feldmans, became, as between themselves and the Feldmans, the principal debtors, and the Feldmans, as grantors, became sureties for the payment of the mortgage indebtedness.   The principle is well settled in this State.   (*Calvo* v. *Davies,* 73 N. Y. 211.)   The prior mortgage indebtedness to the plaintiff which had been assumed by the defendant Samuel Feldman as grantee in the conveyance from Eazzey Brown and Jennie Brown, was likewise assumed by the Fredericksens, with the result that, as to the Feldmans, the Fredericksens became the principal debtors for such mortgage indebtedness assumed by them, and the Feldmans became sureties for it.

The assumption of such indebtedness, and the legal relationships arising in respect of it between such grantors and grantees, must be deemed fully known to the plaintiff, for the deed which gave rise to the relationship of principal and surety between the grantors and grantees is pleaded in the complaint in the first cause of action and reiterated in the succeeding causes of action.   The Fredericksens have not been made parties defendant in the action. In view of the relationship between them of principal and surety for the mortgage debt, known to the plaintiff, the first and the

most important question in the case is the effect of the absence of the grantees of the Feldmans upon the right of the plaintiff to obtain personal judgment for a deficiency against the Feldmans if the land is insufficient to satisfy the debt.

It has been said in general language that the assumption of the mortgage debt by a grantee of the mortgaged premises does not release the mortgagor from his liability. " The liability of the obligor remains for the deficiency " (*Schenectady Savings Bank* v. *Ashton,* 205 App. Div. 781), and upon the well-settled principle that both the mortgagor and his grantee who has assumed the debt become liable to the mortgagee for a deficiency, it has also been said that a mortgagee could demand and obtain a judgment for deficiency " against any one of such parties." (*Hyde* v. *Miller,* 45 App. Div. 396, 400.)

The relationship of principal and surety as to mortgage indebtedness thus assumed has invariably been stated to exist as between such parties themselves. In *Comstock* v. *Drohan* (71 N. Y. 9, 13) it was stated that " as between the plaintiff [the grantor] and defendant [the grantee], therefore, the defendant was the principal debtor, and the plaintiff was her surety," but that both were " personally liable for the same debt " to the holder of the mortgage. In that case the grantee was not made a party to the foreclosure suit which resulted in a deficiency judgment against the grantor, who then sued the grantee for the amount of such deficiency and costs paid by him. A judgment in his favor was affirmed. No question of the right to obtain a judgment in the foreclosure suit against the grantor in the absence of the grantee seems to have been considered. Accordingly, defendants Feldman must be deemed to be vested with a cause of action against their grantees for the amount of any deficiency paid by them, whether or not such grantees are joined in this action by the plaintiff, and, indeed, these defendants could have brought in such grantees as parties to this action and obtained here a complete adjudication of the respective liabilities of the parties for a deficiency and the order of enforcement. (Civ. Prac. Act, § 193, subd. 2.)

The underlying theory upon which the mortgagee may proceed directly to obtain a personal judgment against a grantee who has assumed the mortgage, is not that of a direct contract between such parties, as Judge DENIO pointed out in *Burr* v. *Beers* (24 N. Y. 178), but is based " upon the principle, that the undertaking of the grantee to pay off the incumbrance is a collateral security acquired by the mortgagor, which inures by an equitable subrogation to the benefit of the mortgagee." There it was held upon the ground that a right to such a personal judgment existed. The

right to a personal judgment for a deficiency, of course, rests upon the same ground. (See, also, *Marshall* v. *Davies*, 78 N. Y. 414, 421.)

The form of decree adopted in equity in dealing with the personal responsibility of grantees of mortgages for deficiencies would seem to suggest that the presence of such grantees in the action was necessary to obtain complete equitable adjudication of the rights of all of them. (See opinion of Chancellor WALWORTH in *Marsh* v. *Pike*, 10 Paige, 595, 597.) In *Luce* v. *Hinds* (1 Clarke, 453) the equitable device adopted in the decree was the sale of the lands, a personal decree for the deficiency against the obligor and in case the execution against him " does not realize the money " an execution afterwards against the guarantor (p. 457). In New Jersey it has been held that the obligation of assumption is cast upon successive grantees in the inverse order of the conveyances. (*Youngs* v. *Trustees of Public Schools*, 31 N. J. Eq. 290, 303.) This, it may be added, is quite consistent with the policy of equity in New York, and has been adopted in respect of the alienation of parts of mortgaged premises. (See, also, the form of decree adopted in *Jones* v. *Stienbergh*, 1 Barb. Ch. 250, 254.)

It follows that the defendants Feldman are personally answerable to the plaintiff for the mortgage debt they created and the defendant Samuel Feldman is personally answerable to the plaintiff for the mortgage debts he assumed, to the extent of any deficiency arising from the sale of the land, but these defendants have the right to insist that their grantees, not now parties, to whom they bear the relationship of sureties for the mortgage debts, be before the court for the adjustment of the equities between such parties.

Whatever may be the effect of a judgment operating to discharge a surety by omitting the principal, upon the theory that the liability of a surety ends with the extinguishment of the obligation of the principal (*Tousey* v. *Barber*, 132 Misc. 861, 864), that situation does not arise where, during the pendency of the action and antecedent to the judgment, the surety raises the question of the effect of the absence of his principal in the action and the court has power fully to provide for the equities of the parties by bringing in such absent principal. The mere omission of such principal from the action, prior to the judgment, surely cannot operate to discharge the surety.

The important principles applicable to the situation of the parties here were discussed by Judge RAPALLO in *Marshall* v. *Davies* (*supra*, p. 421): " But the actual relation of debtor and creditor between the mortgagor and mortgagee cannot be destroyed by any act of the mortgagor alone. * * * The courts have gone no further than to hold that, in cases like the present, the relation

of creditor and principal debtor is so far affected that the mortgagee is bound, after notice of the equitable rights of the mortgagor as between himself and his vendee, to respect them, and do no act to their prejudice; and when he forecloses, the equities of the mortgagee [*sic*] will be protected in the order of sale." He concluded that " the mortgagee may sue upon the bond in the first instance, notwithstanding the transfer of the land." The right to sue in the first instance and the right to obtain a judgment for deficiency are quite synonymous rights. (See, also, *Howard* v. *Robbins,* 67 App. Div. 245, 254.)

If the surety is within the jurisdiction, the principal may insist upon his presence in the action to the end that their equities may be determined. (*Bigelow* v. *Bush,* 6 Paige, 343, 346.) In *Drury* v. *Clark* (16 How. Pr. 424) it was said that while the principal should not complain of the absence of his surety, that the surety " can insist " that the principal be made a party " and the plaintiff's remedy exhausted against him for any deficiency in the lands before resorting to his surety " (p. 431). To the same effect, see *Root* v. *Wright* (21 Hun, 344, 348).

Since the defendants Feldman complain that their principals have not been joined, a full opportunity to allow them to be made parties will be afforded to such defendants, prior to the entry of any judgment in the action. This may be done at any stage of the cause as the ends of justice may require. (Civ. Prac. Act, § 192.)

Entry of judgment accordingly is withheld for ten days until application may be made by defendants Feldman to bring in the Fredericksens in pursuance of section 193 of the Civil Practice Act, and if such application is made, thereafter until it is heard and determined and until the Fredericksens are made parties. If such application is not so made, or if, being granted, process is not served with reasonable diligence, a judgment may be submitted for the relief asked in the complaint.

The act of the plaintiff in accepting less than the full amount of interest from the holder of the equity of redemption did not operate to discharge the obligation of the Feldmans to the plaintiff. It was without consideration and constituted no binding agreement of modification, nor did it operate to postpone any remedy to which the plaintiff was otherwise entitled. Such an agreement, to discharge a surety, must be based upon a valid consideration. (*Olmstead* v. *Latimer,* 158 N. Y. 313.) A mere indulgence of the debtor does not release a guarantor. (*Clark* v. *Sickler,* 64 N. Y. 231. See, also, dissenting opinion of Judge UNTERMYER in *Katz* v. *LeBlang,* 243 App. Div. 421, 427.)

Decree withheld in accordance with this memorandum.